THE HEIRS OF PETER CRITZ

*v.*

HIRAM L. PIERCE.

*Filed at Springfield March 29, 1883.*

1.  WILL—*probate of will—sufficiency of proof.* Where a will is properly signed by the maker and two attesting witnesses, both of the witnesses testifying they were present and saw the testator sign the will in their presence, and that they believe he was of. sound mind and memory at the time of executing it, this, in the absence of proof of any fraud, compulsion, or other improper conduct, is sufficient to make out a *prima facie* case, and entitle the will to probate.

2.  SAME—*evidence admissible in opposition to probate.* In a proceeding to probate a will, on appeal to the circuit court the contestants may introduce any evidence tending to show there was fraud, compulsion, or improper conduct connected with its execution, that will invalidate or destroy the same; and when the proponent of the will has been appointed conservator of the testator before the date of the proposed will, and continued as such up to the testator's death, the fact, and the inquest resulting in the appointment of the proponent, and other evidence as to insanity, may, it seems, be received upon the question of fraud, compulsion, or other improper conduct, but not to establish the distinct and independent defence of unsoundness of mind of the testator.

3.  SAME—*of the witnesses who may testify in resistance of probate of will—upon the question of sanity.* On appeal to the circuit court from an order of the county court refusing to probate a proposed will, the right to go into general evidence of the sanity of the testator, outside of the testimony of the subcribing witnesses, is expressly limited to those "seeking probate," while the parties resisting probate are restricted to the testimony of the subscribing witnesses upon the question of sanity.

4.  SAME—*contesting will in chancery—how the right affected by having resisted probate of will—and of the evidence admissible.* A party, by appearing and resisting an application to admit a will to probate in the county court, or in the higher courts on appeal, when unsuccessful is not concluded by its admission to probate, but may, at any time within three years, file his bill in chancery, and contest the validity of the proposed will, when he may introduce any and all legitimate testimony, outside of that of the attesting witnesses, to show the testator was not of sound mind at the time of executing the same, or any other matter or thing which will establish the fact that the writing is not the will of the person it purports to be.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Logan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MOORE & WARNER, for the appellants:

Peter Critz, Sr., having been adjudged a distracted person, incapable of the control of his own property, and a conservator having been appointed, could not dispose of his property by contract or devise, until restored by an order of court, (Rev. Stat. chap. 86, secs. 5, 14, 16, 23, 37, *Ayers* v. *Mussetter,* 46 Ill. 472, *Gardner* v. *Maroney,* 95 id. 558,) and that finding is conclusive until set aside by the direct proceeding provided by the statute, and can not be inquired into collaterally. *Wight* v. *Wallbaum,* 39 Ill. 563 ; *Gardner* v. *Maroney,* 95 id. 560 ; *Dodge* v. *Cole et al.* 97 id. 351 ; *Emmert* v. *Hays,* 89 id. 12 ; Bigelow on Estoppel, 159, 160.

Pierce, the proponent of the will, having continued to act as the conservator of Critz until his death, is estopped from claiming that Critz was of sound mind and memory at the time he executed the supposed will. And if such conservator is not estopped, he should be required to show, beyond a reasonable doubt, his ward's mental capacity, etc. *Breed* v. *Pratt,* 18 Pick. 115.

A will, drawn at the dictation of a conservator, sustaining a relation of peculiar confidence with the testator, is presumptively fraudulent, and must be supported by strict proof that the testator, at the time of executing the instrument, was capable of making a will, and that no undue influence was used or advantage taken to obtain its execution. *Vreeland* v. *McClelland,* 1 Bradw. 393 ; *Limburger* v. *Ranch,* 2 Abbott, (N. S.) 279 ; *Lee* v. *Dill,* 2 Abb. Pr. 214 ; *Saber* v. *Renney,* 33 Barb. 49 ; *Crispell* v. *Dubois,* 4 id. 393 ; *Lansing* v. *Russell,* 13 id. 510 ; *Stratham* v. *Ferguson,* 25 Gratt. (Va.) 28 ; *Delayfield* v. *Parrish,* 25 N. Y. 9.

It is settled law that one under guardianship is *prima facie* incompetent to make a will. 1 Redfield on Wills, (2d ed.) secs. 42, 43, chap. 3, pp. 103, 113.

When one who has been adjudged to be a distracted person, under guardianship, has become able and desires to make a will, application should be made to the court, which may permit him to do so under the superintendence of an officer of the court. 1 Redfield on Wills, (2d ed.) 37; *The Matter of Burr*, 2 Barb. Ch. 208.

It was competent for the contestants to introduce rebutting testimony, not only for the purpose of showing that fraud, compulsion, or other improper conduct was practiced on Critz to procure his execution of the instrument, but also to show that he was not of sound mind and memory at the time. *Dickey* v. *Carter*, 42 Ill. 376; *Reynolds et al.* v. *Adams*, 90 id. 134; *Waterman* v. *Whitney*, 1 Kern. 157; *Boyland* v. *Meeker*, 4 Dutch. 274.

Messrs. BLINN & HOBLITT, for the appellee:

The evidence showing the appointment of a conservator was competent for but one purpose,—to show the relation of the parties. The probate having been refused in the county court, other witnesses could be called by the proponents besides the subscribing witnesses. Underwood's Stat. chap. 148, sec. 13.

The contestants of the will can not, on such trial, introduce evidence of the mental capacity of the testator, except for the purpose of showing that the person making the will was a subject that might be controlled by improper influences, and for no other purpose. Underwood's Stat. sec. 13, chap. 148; Rev. Stat. 1833, secs. 2, 135, p. 612; *Walker* v. *Walker*, 2 Scam. 294; Rev. Stat. 1845, sec. 1, p. 596, act of February 25, 1845; *Andrews et al.* v. *Black et al.* 43 Ill. 256.

The contestants of a will can only introduce evidence of mental capacity of the testator, to establish incapacity to

make a will, in a trial upon bill in chancery to contest the will after it has been admitted to probate. The testamentary capacity of a person making a will does not depend upon whether he was under guardianship, but upon his mental capacity at the time the will was made. *Stone* v. *Damon,* 12 Mass. 488; 1 Jarman on Wills, (5th ed.) 37.

It is incumbent on the part of those charging undue influence or fraud, to affirmatively prove it. *Roe* v. *Taylor,* 45 Ill. 485.

The undue influence, to vitiate an act like making a will, must amount to force and coercion, destroying free agency, and there must be proof that the act was obtained by this coercion. *Gardner* v. *Gardner,* 22 Wend. 540; *Roe et al.* v. *Taylor,* 45 Ill. 485; *Rutherford* v. *Morris,* 77 id. 397; *Allmon et al.* v. *Pigg,* 82 id. 149; *Chandler* v. *Ferris,* 1 Harr. 464.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Peter Critz, Sr., being possessed of an estate amounting to some $50,000 or $60,000, departed this life, at his residence in Logan county, this State, on the 26th day of June, 1881, leaving an instrument purporting to be his last will and testament, which was subsequently, on the 18th day of July, 1881, filed by Hiram L. Pierce, the executor therein named, in the county court of said county, and asked to be admitted to record as such. The case was heard at the following August term of the county court, resulting in the refusal of that court to admit the instrument to probate as the will of the deceased. On appeal to the circuit court a contrary conclusion was reached, and the instrument in question was ordered by that court to be admitted to record as such will. From this last order the heirs at law of the deceased have appealed to this court.

The instrument, so far as anything appears on its face, seems to have been executed in conformity with the statute. It was properly signed by the testator and two attesting wit-

nesses, both of whom swore, on the trial, they were present, and saw the deceased sign it in their presence, and that they believed that he was of sound mind and memory at the time of executing the same. This, in the absence of proof of "any fraud, compulsion, or other improper conduct," was sufficient to make out a *prima facie* case, and entitle the instrument to probate. To meet this case the appellants examined a large number of witnesses, with the view of showing the deceased was of unsound mind at the time of making the alleged will, and also introduced the records of the county court, from which it appears the deceased, at the July term, 1878, of said court, was adjudged a person of unsound mind, and incapable of transacting his own business or of managing his own estate, and that in pursuance of such adjudication Hiram L. Pierce, the appellee, was appointed conservator of his estate, which office and trust he thereupon assumed, and continued to fill and discharge up to the time of the death of the said Peter Critz. This evidence was heard by the court as indirectly bearing upon the question whether there was "any fraud, compulsion, or other improper conduct," connected with the execution of the instrument that would "invalidate or destroy the same" as a will,—which, by the express words of the statute, may always be shown where the proponent of a will is seeking to have it admitted to probate. But the court being of opinion this evidence was not admissible for the purpose of establishing, as a distinct and independent defence to the proceeding, unsoundness of mind or want of testamentary capacity in the testator, refused to consider it for that purpose, and the ruling of the court upon this point presents the most important question in the present controversy, and the only one we deem it necessary to discuss.

The question thus presented is not an entirely new one, and as we understand it, the rule or principle which must control it is settled by the previous decisions of this court.

The first case bearing on the question is that of *Walker* v. *Walker*, 2 Scam. 291, which was an appeal by the executrix from an order of the circuit court of Cook county denying probate of a will. A similar order had been made in the probate court, from which an appeal had been taken to the circuit court. It was held in that case, under the statute then in force, which, with certain exceptions hereafter to be noted, was substantially the same as the law governing the present case, that on such an appeal "it is not competent for either party to introduce any testimony in relation to the sanity of the testator, except that of the subscribing witnesses," and that if the will is not sustained by these witnesses it should not be probated. Under this construction of the statute, of the correctness of which we have no doubt, it will be perceived that parties interested in sustaining the will were placed completely at the mercy of the subscribing witnesses, so far as the sanity of the testator was concerned. If, where there were but two attesting witnesses, one of them, from corrupt motives, or otherwise, should refuse to swear that he believed the testator was of sound mind at the time of the execution of the will, however palpable it might be that such was the fact, and however many witnesses were present, other than the subscribing witnesses, by whom such fact might be satisfactorily established, the proponents of the will, under the law, as it then existed, were entirely remediless. But not so, however, with those interested in defeating the will, where it had been improperly admitted to probate. Such parties, under the law then in force, were allowed five, and under the present are allowed three years, in which to contest, by bill in chancery, the validity of a will thus admitted to probate, in which proceeding either party is permitted, on the trial, to go into general evidence touching the testator's sanity, or any other matter or thing which may tend to defeat or establish the will. With a view of remedying this defect in the law, and for the purpose of placing those interested in

establishing the will on something like equal terms with those interested in defeating it, the legislature, by act of the 25th of February, 1845, (Rev. Stat. 1845, page 596,) provided, in substance, that upon an appeal from an order of the probate court refusing probate of a will, it should "be competent *for the party seeking probate of the will*, to support the same, on hearing in the said circuit court, by any evidence which would be competent" in a proceeding in chancery for the purpose of contesting a will. And it is further provided by this act, that a will thus proved shall be admitted to probate, but subject, however, to be contested in the same manner as "in case of wills admitted to probate in the first instance." This provision is the same, in substance, as the present law on that subject, and has been the law of this State ever since it was first adopted.

There are several considerations which repel the idea the legislature intended by this act to authorize parties resisting the probate to avail themselves of its provisions, two of which appear on the face of the act itself. First, it will be perceived the right to go into general evidence on such an appeal is expressly limited to those "seeking probate" of the will. In the second place, with the view of rebutting the presumption that those interested in defeating the will might, in any manner, be concluded or prejudiced by permitting the proponents of the will to thus go into general evidence in its support, it was expressly provided that its admission to probate upon such general evidence should not affect the former's right to contest the validity of the will by bill in chancery, as then provided by law. If it had been intended that upon such appeal both parties should go into general evidence upon the subject, what object or purpose could have been subserved by retaining the remedy by bill? Could it have been intended that the parties resisting the will should have the benefit of a full trial on the merits, and if defeated, then turn round and bring their bill in chancery, and relitigate

the matter again upon the merits? Certainly not; yet such would be the case if the view insisted on is the correct one. But, it may be asked, if one resisting a will is a mere looker on upon such an appeal, why is he permitted to become a party to the proceeding at all? He is not bound to; yet to avoid being driven to his bill in chancery, he is permitted by the statute to do so. He has the right to appear and see the proponent of the will, by proper and legitimate testimony, makes out a *prima facie* case warranting the admission of the alleged will to probate. When this has been done, and he is unable to produce satisfactory evidence of "fraud, compulsion, or other improper conduct," sufficient to invalidate or destroy such will, and it does not otherwise appear from the evidence, he has done all the law permits him to do in that proceeding. If he has countervailing testimony upon the testator's sanity or capacity to make a will, he must resort to his bill in chancery. The conclusions reached by this court in *Andrews et al.* v. *Black et al.* 43 Ill. 256, and *Weld, Exr.* v. *Sweeney,* 85 id. 50, fully sustain the view here presented.

It is claimed that *Dickie et al.* v. *Carter,* 42 Ill. 376, and *Reynolds et al.* v. *Adams,* 90 id. 134, are inconsistent with the view here taken. This is a misapprehension. In the latter case the will was admitted to probate in both the probate and circuit courts, and hence the question could not have arisen. It is true that in the *Carter case* general evidence touching the testator's sanity was gone into on both sides, but no question as to its competency was made, and hence this court did not, and could not, have passed upon the question. Here, the question is directly presented for determination. We have been referred to no case, and know of none, laying down a different rule from the one here announced.

The appellants are by no means concluded by the conclusion reached here or in the circuit court. They may

to-morrow, or at any time within the limitation of three years, by bill in chancery, contest the validity of said will, in which proceeding they will be permitted to introduce any legitimate testimony tending to show the testator was not of sound mind at the time of executing the same, or any other matter or thing which will establish the fact that the instrument in question is not the will of Peter Critz, Sr.

The judgment will be affirmed.

*Judgment affirmed.*