William D. Shepherd, Exr., Appellee, *vs.* Luella
Yokum *et al.* Appellants.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. Wills—*probate of wills is governed by statute.* The pro-
bate of wills is governed entirely by statute, and when the statu-
tory requirements are complied with no others can be prescribed.

2. Same—*what evidence may be heard when will is offered for
probate.* Where a will is offered for probate only evidence of its
due execution in accordance with the requirements of section 2 of
the Wills act may be received, and as to such proof the proponent
is limited in the probate court to the attesting witnesses, but on
appeal to the circuit court the proponent may support the will by
any evidence competent to establish a will in chancery, while the
contestants are confined to the subscribing witnesses and to cross-
examinaion of the witnesses offered by the proponent.

3. Same—*what sufficient to admit will to probate.* The propo-
nent, to make a *prima facie* case in a proceeding to probate a will,
is only required to prove execution of the will in compliance with
the provisions of section 2 of the Wills act, and he is not required
to prove the will valid in all respects; and where such *prima facie*
case is made, neither the probate court, nor the circuit court on
appeal, has power to refuse probate in the absence of proof of
fraud, forgery, compulsion or other improper conduct.

4. Same—*undue influence cannot be considered in determining
whether will should be admitted to probate.* Undue influence is not
mentioned in the proviso to section 2 of the Wills act as a ground
for refusing probate of a will and it is not included in the mean-
ing of the terms mentioned, and although the testimony of the sub-
scribing witnesses tends to show that the will was prepared by the
chief beneficiary, yet if such evidence shows due execution of the
will by the testator in accordance with section 2 of the Wills act,
the question whether it was the result of undue influence cannot be
considered by the probate court nor by the circuit court on appeal.

5. Same—*what "fraud" or "compulsion" will defeat probate of
a will.* The term "fraud," mentioned in the proviso to section 2
of the Wills act as ground for defeating probate of a will, relates
to such conduct as a trick or device by which a person may be in-
duced to sign a will under the impression it is something else, or
to the alteration of the will after it is signed, or the substitution
of another paper for part of the will, and matters of like charac-
ter; and the term "compulsion," in said proviso, refers to actual

constraint or pressure, physical or otherwise, amounting to duress, or threats to compel the execution of the instrument.

6. SAME—*bill in chancery is proper remedy to defeat a will on ground of undue influence.* One who seeks to defeat a will on the ground of undue influence has his remedy in chancery by a bill to contest, as undue influence is a ground for contesting a will but not for resisting its probate.

APPEAL from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

TAYLOR, MILLER, DICKINSON & SMITH, and DENEEN, HEALY & LEE, (ORVILLE J. TAYLOR, JOHN J. HEALY, and JOHN H. S. LEE, of counsel,) for appellants.

KIRKLAND, PATTERSON & FLEMING, (WEYMOUTH KIRKLAND, CHARLES F. RATHBUN, ROBERT H. STOLL, and MARION B. STAHL, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

William Nelson McClintock died at his home in Cook county on December 4, 1924, leaving what purported to be a last will and testament. A petition to probate such will was filed in the probate court of that county and upon a hearing probate was refused. An appeal was taken from that order to the circuit court of Cook county, and upon a hearing in that court the will was admitted to probate. The heirs of deceased and his fiancee have prosecuted an appeal to this court.

The testator, called throughout the record "Billy" Mc-Clintock, lived in Kenilworth, Illinois. At the time of his death he left surviving him no parent, brother or sister but did leave ten cousins, seven of whom were half-cousins, as his only heirs-at-law. His estate is valued at about one million dollars. He was twenty-one years of age on April 3, 1924, the day the will was executed. The home where he resided was owned by him but controlled by appellee, William D. Shepherd, and his wife, who employed the servants

and stood in the relation of foster parents to McClintock. Appellee is a practicing attorney, with offices in the First National Bank building, in Chicago. McClintock was a student in an eastern college. On the morning of his twenty-first birthday he was served with breakfast in his room. Shortly after, Shepherd and his wife, accompanied by a minister of the church which Shepherd attended, came to the room and engaged in a religious ceremony, including the offering of prayer. Later in the day the testator prepared to leave his home and return to college. Before leaving the house he called two maids who were employed there into the drawing room and upon his request they attested his will. Shepherd and his wife were not in the drawing room at the time but stood in the adjoining hall, with the door open between the two rooms. Upon McClintock's death the will was offered for probate by Shepherd, who was named in the will as executor. Under its provisions an annuity of $8000 was bequeathed to Isabelle Pope, named by the testator as his "affianced wife." The manner of making the payments of this bequest was left to the discretion of the executor. The remainder of the estate was willed and bequeathed to appellee, who is denominated by the testator in his will as "my foster father." The clause making the bequest is in part as follows: "I make this bequest for the benefit of my foster parents as a token of my love and affection for them and as a mark of appreciation of the years of care that they have given me, during which time they have in all manners been all that parents could be to me. I do not make a special bequest to my beloved foster mother, Julie M. Shepherd, knowing full well that through this bequest she will obtain all the benefits thereof without the worry and care incident to possession of the property itself." When the will was offered for probate it was enclosed in a cover such as is frequently used by attorneys, and this cover bore the name and office address of appellee.

It is the contention of appellants, whom we shall call contestants, that a fiduciary relationship existed between Shepherd and the testator, in which Shepherd was the dominant party; that Shepherd prepared the will, was present at its execution and is the chief beneficiary under its provisions; 'that these facts and circumstances, entirely elicited from an examination of the subscribing witnesses, raise a presumption of undue influence on the part of appellee in procuring the execution of the will, and that it was not entitled to probate. Appellee insists that under the statutes of this State pertaining to the probate of wills the subject of undue influence is not a pertinent one to the inquiry, and that the only method of raising that issue is by bill in chancery to contest the will; that whatever may be the law in this regard, the record in the case does not present facts from which a presumption of undue influence can arise, and that even though the facts were sufficient to raise such a presumption, still that presumption was rebutted and overcome by the competent evidence in the case.

Counsel for contestants have quite succinctly presented the question here involved, as follows: If the evidence offered by the proponent of a will in its support raises the presumption that the will was executed as a result of undue influence, and if such presumption is not overcome by other evidence offered by the proponent as authorized under section 13 of the Wills act, do such facts justify the court in refusing to probate the will, or must the court permit the will to be probated in the face of such showing? The probate court of Cook county held that on the proof of such facts probate should be refused, while the circuit court held that probate should be allowed. It is therefore a matter of first importance to determine whether or not undue influence is a pertinent matter for the consideration of a court upon an application to probate a will. It is obvious that if it is not a cognizable question in such a pro-

ceeding the order of the circuit court allowing probate was correct, for the only ground urged against admitting the will to probate is that it was the product of undue influence of appellee.

Section 1 of the Wills act gives to every male person of the age of twenty-one years, and every female person of the age of eighteen years, who are of sound mind and memory, the power to make a will. Section 2 provides that "all wills, testaments and codicils * * * shall be reduced to writing, and signed by the testator or testatrix, * * * attested in the presence of the testator or testatrix, by two or more credible witnesses, two of whom, declaring an oath or affirmation, before the county court of the proper county, that they were present and saw the testator or testatrix sign said will, testament or codicil, in their presence, or acknowledged the same to be his or her act and deed, and that they believed the testator or testatrix to be of sound mind and memory at the time of signing or acknowledging the same, shall be sufficient proof of the execution of said will, testament or codicil, to admit the same to record: *Provided,* that no proof of fraud, forgery, compulsion or other improper conduct be exhibited, which, in the opinion of said county court, shall be deemed sufficient to invalidate or destroy the same."

The probate of wills is governed entirely by the statute, and when the statutory requirements are complied with, no others can be prescribed. (*Thornton* v. *Herndon,* 314 Ill. 360; *Buerger* v. *Buerger,* 317 id. 401.) In this case it is admitted that the testator was twenty-one years old at the time he executed the will, and it is not denied that every requirement of section 2 of the Wills act preceding the proviso has been complied with. The writing was signed by the testator and attested in his presence by two credible witnesses, who on their oaths testified that they were present and saw the testator sign the will, and that they believed him to be at such time of sound mind and

memory. Such proof must be deemed sufficient to admit
the will to probate unless the language of the proviso of
section 2 authorizes a consideration of the question of un-
due influence. When a will is offered for probate in the
probate court the only testimony to be heard in that court
as to the due execution of the will and the competency of
the testator to execute it is that of the attesting witnesses.
(*Oliver* v. *Oliver*, 313 Ill. 612, and cases cited.) The pro-
ponent is limited in the probate court to the attesting wit-
nesses for proof that the testator was of sufficient age to
make a will; that he executed it in conformity with the
requirements of the statute; that the subscribing witnesses
were competent as such, and that they believed the testa-
tor was of sound mind and memory at the time he exe-
cuted the instrument. In the probate court proof of these
facts by the subscribing witnesses cannot be supplemented
by the proponent or denied by the contestant. On an appeal
from an order of the county court allowing or disallowing
a will to probate the proponent may support the will by any
evidence competent to establish a will in chancery. This
right was extended to the proponent by amendment to sec-
tion 13 of the Wills act, approved June 5, 1909. On the
other hand, the contestants of the will, on an appeal to the
circuit court in such probate proceedings, are confined to
the testimony of the subscribing witnesses and to the cross-
examination of the witnesses offered by the proponents.
(*Chandler* v. *Fisher*, 290 Ill. 440; *Mayer* v. *Schrenkler*,
286 id. 324; *Oliver* v. *Oliver, supra.*) In this case the sub-
scribing witnesses were the only witnesses offered either in
the probate court or the circuit court.

In the absence of proof of fraud, forgery, compulsion
or other improper conduct both the probate court and the
circuit court are required to admit a will to probate upon
proof that the requirements of the statute have been com-
plied with. There must be proof that the will was exe-
cuted with the formalities mentioned in the statute and that

the testator was of sufficient age, but the question of his mental capacity is not altogether an open one. The court is not required to find from the testimony of the witnesses that the testator was, in fact, of sound mind and memory when he executed the will. It is enough if it finds that the witnesses believed he was of sound mind and memory at the time he executed the will. What they may have believed afterwards is a matter of no consequence and would not affect the right to have the will probated. If the subscribing witnesses testify that they believed the testator was of sound mind and memory when he executed the will the probate court must accept their view, even though it may be of the opinion that their belief was not well founded or was erroneous. The probate court has no power to weigh the evidence further than to determine if a *prima facie* case has been made out. It was not intended by the legislature that all things which will invalidate a will should be cognizable by the court to which an application for probate is addressed.

Contestants make no claim of any right to prevent the probate of the will by affirmatively introducing evidence to prove that it had been executed as the result of undue influence. They concede that if they wish to introduce such evidence, they must, under the statute, file a bill in chancery to test the validity of the will upon that ground; but they insist that the duty is incumbent upon the proponent to make a *prima facie* case showing that the will is valid, and if the proof as offered by the proponent in his effort to make out a *prima facie* case shows that the will was executed as a result of undue influence, then no *prima facie* case has been made and the will is not entitled to probate. The chief criticism to be made against this contention is that it assumes an incorrect premise. It is not the duty of a proponent to show that the will is valid in all respects. It is only his duty to make proof of the essentials mentioned

in the statute. When he has done this a *prima facie* case entitling the will to probate has been made out. Neither the probate court, nor the circuit court on appeal, has power to refuse a will to probate upon any ground whatsoever other than a failure of the proponent to make proper proof of the requirements mentioned in section 2, or because proof of fraud, forgery, compulsion or other improper conduct appears which is deemed sufficient to invalidate or destroy the will. (*Hill* v. *Chicago Title and Trust Co.* 322 Ill. 42.) Proof that the testator was under no unlawful constraint is not essential to a *prima facie* case, nor is it one of the enumerated grounds of the proviso which will warrant a refusal to admit a will to probate. (*Oliver* v. *Oliver, supra.*) Undue influence is not mentioned in the proviso as a ground for refusing probate of a will, and it cannot be deemed to be one unless it is included within the meaning of the terms mentioned. These terms have already been defined. In *Stuke* v. *Glaser,* 223 Ill. 316, the term "fraud," used in the proviso, was held to relate to such conduct as a trick or device by which a person may be induced to sign the paper under the impression it is something else, or to the alteration of the will after it is signed, or the substitution of another paper for part of the will after it has been signed, and matters of like character. This definition of "fraud" was later approved in *Buerger* v. *Buerger, supra.* The terms "compulsion" and "other improper conduct" were also defined in the last mentioned case. Compulsion was said to refer to actual constraint or pressure, physical or otherwise, amounting to duress, or threats to compel the execution of the instrument. "Other improper conduct," following the specific words "fraud" and "compulsion," was said to refer to other acts of a kind similar to those specifically mentioned. It is therefore apparent that undue influence is not included within the purview of section 2 of the Wills act by specific mention or by necessary implication.

If one seeks to defeat a will on the ground of undue influence he has his remedy in chancery by a bill to contest and not in a proceeding to probate it. In *Claussenius* v. *Claussenius,* 179 Ill. 545, we commented upon the language used in *In re will of Ingalls,* 148 Ill. 287, holding that the proof necessary to entitle a will to probate is confined to the particular facts specified by the statute, and added, that if a party desires to broaden the inquiry and challenge the mental capacity of the testator, or show he was unduly or improperly influenced to execute the will, he must resort to a bill in chancery. When a *prima facie* case has been made out warranting the admission of a will to probate, and no proof has been made of fraud, forgery, compulsion or other improper conduct sufficient to invalidate or destroy it, an objector has done all the law permits him to do in that proceeding. (*Heirs of Critz* v. *Pierce,* 106 Ill. 167.) If he has any countervailing testimony upon the testator's sanity, or as to his capacity to make a will, or whether he made it under unlawful constraint, he must resort to his bill in chancery.

While admitting that a contestant in a proceeding to probate a will cannot offer witnesses to show that the will is the product of undue influence, counsel for appellants insist that if testimony be adduced from the subscribing witnesses showing that the will was actually or presumptively the result of undue influence, the cases herein cited have no proper application and the will ought not to be admitted. The substance of this contention is, that undue influence cannot be considered by the probate court, or the circuit court on appeal, if evidence of it comes from an outside witness, but if it comes from a subscribing witness it may be considered in either court. We cannot see how the situation is affected by procuring the evidence from the subscribing witnesses. It is not a question of who the witnesses are or in what capacity they testify, but whether

undue influence is cognizable by the court in such a proceeding. It has been repeatedly held that the proceeding is statutory and the inquiry is limited. Undue influence is not within the realm of the inquiry. Evidence concerning it can establish no fact. The court is empowered to make no finding with respect to it and consequently can enter no judgment concerning it.

It is claimed that the views here expressed are inconsistent with the holding of this court in *Wunderlich* v. *Buerger,* 287 Ill. 440. In that case the cross-examination of one of the subscribing witnesses showed a confidential relationship between Wunderlich and the testatrix, Mrs. Boerner, growing out of the relation of attorney and client. Wunderlich prepared the will and was a substantial beneficiary under it. At the conclusion of the testimony of the subscribing witnesses the proponent introduced testimony to rebut the legal presumption of undue influence arising from the facts already testified to. The circuit court, where the cause was heard, in consideration of the testimony thus offered in rebuttal, held that the legal presumption had been overcome and admitted the will to probate. An appeal was taken to this court and the judgment of the circuit court was affirmed. The right of the court to hear and consider evidence in reference to undue influence was not questioned either in the circuit court or in this court. After *Wunderlich* v. *Buerger* had been decided a suit to contest the will was instituted on the ground of mental incapacity and undue influence. The proponent filed a plea to the bill, alleging that the question of undue influence had been decided adversely to the contestant in *Wunderlich* v. *Buerger* and was *res judicata.* This was the first time that the propriety of considering the question of undue influence in *Wunderlich* v. *Buerger* had been challenged in any court. The plea was overruled by the trial court and error was assigned on that ruling. The cause was brought here on appeal, and in *Buerger* v. *Buerger, supra,* it was held that the probate

of a will is a special statutory provision in which the character and quantity of proof required have been prescribed by statute, and that the question of undue influence is not legally cognizable in a court hearing an application for the probate of a will. In *Wunderlich* v. *Buerger* no question as to the competency of the testimony was made and this court did not pass upon it. Whenever our attention has been called to the matter we have uniformly held that the probate of a will cannot be denied except upon the specific grounds mentioned by the statute. Undue influence is a ground for contesting a will but not for resisting its probate.

The circuit court was right in admitting the will to probate, and its order is therefore affirmed.

*Order affirmed.*