GEORGE G. ROBERTSON, Plaintiff in Error, *vs.* BERTHA YAGER, Defendant in Error.

*Opinion filed October 22, 1927—Rehearing denied Dec. 7, 1927.*

1. WILLS—*probate of wills is governed entirely by statute.* The matter of probating wills is governed entirely by statute, and when the statutory requirements are complied with no others can be prescribed.

2. SAME—*what evidence may be heard in proceeding to probate will.* Where a will is offered for probate the only testimony that can be heard by the probate court is that of the attesting witnesses as to the due execution of the will and the competency of the testator, but the proponents, on appeal to the circuit court, may introduce any evidence competent to establish a will in chancery, and the contestants may cross-examine the proponents' witnesses.

3. SAME—*evidence that estate has been settled not competent.* In a proceeding to probate a will the court cannot hear evidence of an agreement by the heirs, devisees and legatees not to probate the will, that there are no debts, that all the legacies have been paid by the residuary legatee, who was in control of practically all

the estate, and that the only party to benefit from the probate of the will is the executor, who would be entitled to fees in the administration of the estate; but the court must admit the will to probate where proper proof of testamentary capacity and execution of the instrument has been made.

Writ of Error to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Clark county; the Hon. Augustus A. Partlow, Judge, presiding.

H. R. Snavely, for plaintiff in error.

S. M. Scholfield, and Parker & Cox, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This is a writ of error from the judgment of the Appellate Court affirming the order of the circuit court refusing to order the probate of the will of O. B. Grant, who died January 19, 1925. The will, after providing for the payment of funeral expenses and just debts, made certain specific bequests of money to relatives and friends and to a cemetery association and gave $500 to an old friend and neighbor and his wife. The eighth clause gave, devised and bequeathed all the balance and residue of his property, of every kind and character and wherever situated, to his daughter, Bertha Yager, defendant in error. The last clause appointed plaintiff in error, George G. Robertson, his executor. He filed a petition in the county court of Clark county for the probate of the will. Defendant in error, as the sole heir and residuary devisee and legatee, filed objections in the county court to the probate of the will, which were overruled and an order entered probating the will. On appeal the circuit court heard evidence showing that all the devisees and legatees interested in the prop-

erty disposed of by the will had agreed to accept the lega-
cies; that defendant in error should, pay all legacies and
that there be no administration of the estate. The evidence
heard by the court also showed that at the time of the hear-
ing defendant in error had paid all the legacies and be-
quests required to be paid under the provisions of the will,
had paid the funeral expenses and all debts and claims
against the estate, including the Federal estate tax, and
made arrangements to pay the State inheritance tax as
soon as the amount was ascertained. The evidence also
showed that prior to decedent's death he had placed his
entire estate in the possession and under the control of de-
fendant in error, and the same was in her possession and
control at the time of filing the petition to probate the will.
On this evidence the circuit court refused to order the pro-
bate of the will on the ground that administration was not
necessary. The Appellate Court held that since it was ap-
parent from the record that all of the provisions of the
will of the deceased concerning his property had been car-
ried into effect and all debts and claims against the estate
had been paid, there was no necessity for administration of
the estate or probating the will; that to do so was a use-
less form for the sole benefit of plaintiff in error that he
might earn commissions as executor, which would be paid
by the defendant in error as residuary legatee, and af-
firmed the order of the circuit court. The cause comes here
on *certiorari*.

Plaintiff in error urges that it was error on the part of
the circuit court to receive evidence of any agreement as
to the disposition of the estate; that the subject matter of
inquiry in a matter of the probate of a will on appeal from
the probate or county court is confined to the validity of
the will, and that whether the estate shall have been settled
in any manner different from that provided by the will, so
as to avoid the necessity of administration, is not a matter
into which the circuit court on such hearing may inquire.

Objection is also raised to the competency of certain testimony in the record.

This court has held that in a case where the deceased dies intestate and there are no debts of the estate and distribution is made by the heirs there is no necessity for administration, and the court will not order one merely to see that the estate is administered. In *Cotterell* v. *Coen,* 246 Ill. 410, Samuel Cotterell died intestate seized of forty acres of land and about $1000 in personal property. He left a widow and certain children. Immediately prior to his death he requested his children and grandchildren to settle his estate among themselves without administration, which they promised to do. After his death they entered into an agreement which provided that one of the heirs should take possession of the personal property, reduce it to cash and divide it among all the heirs. The sixty days provided by section 18 of the Administration act having elapsed without the next of kin taking out letters of administration, Coen, a public administrator, applied for and was granted letters. Thereafter the heirs sought to have him removed as such administrator, and this court on review held that the purpose of requiring administration of the estates of persons dying intestate is first to provide for and insure conservation of all personal assets of the estate, including the collection of all debts due the decedent; second, the payment of the debts; and third, the proper distribution of the residue among the heirs-at-law according to the Statute of Descent. It was also there held that administration is not necessary in every case and the statute applies only to those cases where it is necessary; that where there are no unpaid debts and no claims or demands due the estate no administration is necessary but the heirs are entitled to immediate possession of the estate, and they are not required to pay over the assets to the administrator for the sole purpose of distribution.

In *People* v. *Abbott*, 105 Ill. 588, Thomas McKee, administrator of the estate of Kate H. Lee, brought an action against the executors of the estate of Catharine Dwire to compel them to deliver to him certain promissory notes belonging to the estate of Mrs. Lee. Mrs. Lee died intestate, leaving a husband but no children and leaving an estate consisting of real estate and personal property, the notes in question being a part of the latter. The husband entered into an agreement with the mother of Mrs. Lee, who was the Catharine Dwire referred to, dividing the property equally between him and the mother after the payment of debts and funeral expenses, with the mutual agreement that on the death of either party the one-half interest should go to the other. The property was divided in accordance with this agreement. Mrs. Dwire died, and the husband of Mrs. Lee, deceased, filed a petition in the county court asking for appointment of an administrator of her estate. Thomas McKee was appointed administrator and made demand in writing on the executors of the estate of Mrs. Dwire for the personal property received by her in the division. The appointment of an administrator for the estate of Mrs. Lee was for the sole purpose of recovering the personal property in the hands of Mrs. Dwire at the time of her decease. It was held that the court would not require an heir to pay over money to an administrator when such administrator has no debts to pay and where such administration would benefit only the administrator. To the same effect is *Lewis* v. *Lyons*, 13 Ill. 117.

While there may be necessity for an administrator even where there are no debts, as for ·the purpose of collection and distribution, yet where there are no debts and the property is already distributed and there are no suits to be brought there can be no necessity for an administrator. The law does not make it indispensable that every estate shall be administered merely for the sake of administration. (*People* v. *Abbott, supra.*)   In *Moore* v. *Branden-*

*burg,* 248 Ill. 232, there was no administration of the estate of the decedent, who had died intestate, and an action was brought by his heirs to cancel and set aside certain gifts and transfers made by him during his lifetime. It was there held that where there are no debts it is not necessary to go through the legal form of administration to distribute an estate; that the heirs may maintain an action on their own account without administration.

None of the cases cited involved the question whether a court may, upon an agreement by the heirs that a will shall not be probated, refuse to probate it. Counsel for defendant in error have cited *Cole* v. *Cole,* 292 Ill. 154, as supporting their contention that the court, where an agreement to settle up the estate has been made by the heirs and all parties interested in the estate as heirs, legatees or devisees, may refuse to probate the will for that reason. The point was not involved in the *Cole case.* The question there was whether heirs might make parol partition of an estate of a testator notwithstanding the will. The will in that case had been probated and was later by a decree of the court set aside. That case holds that the parol partition there made was valid without regard to any action of the circuit court with reference to setting aside the will. The question whether the court may refuse to probate a will was not involved.

In the case of *VanZanten* v. *VanZanten,* 269 Ill. 491, also cited by defendant in error, John VanZanten, Sr., had during his lifetime executed deeds to certain of his property to his children. These deeds were not delivered, and after they were made he executed a will by which he devised all of his estate, both real and personal, to his widow for life with power of sale, remainder at her death to be divided equally among his five children. Four days after his death the family met, and the will and deeds were taken from a box in which he had kept them and the deeds were delivered to the grantees named therein and were subsequently

recorded. The will was also taken out and read. There-
after on that day a contract was entered into by the parties
by which it was agreed that each of the heirs should take
the property described in the deed. The widow of the de-
ceased agreed with her children as to this matter though
she did not sign the written agreement. About four years
later the will was admitted to probate and one of the
heirs was appointed executor. He filed an inventory, in-
cluding therein the land described in the various deeds.
Some eight months thereafter the widow, purporting to
act under authority conferred by the will, conveyed cer-
tain of the property described in one of the deeds, and it
was sought to set aside the will, inventory and deed as
clouds on the title of the grantee in the original deed.
This court held, citing *Cotterell* v. *Coen, supra,* that the
widow and children were the only persons interested in the
estate, there being no creditors, and they could by agree-
ment make such disposition of the property as they chose,
regardless of the will; that they had taken this property in
accordance with the deeds, had been in possession thereof
for four years and had put valuable improvements on the
same. The court held that the transaction amounted to a
parol partition of the land, and that by reason of such parol
partition the deed of the widow and the will and inventory
constituted clouds on the title. It will be observed that
this case was likewise one which in nowise involved the
power of the court to deny probate of the will, but was
one which, like the *Cole case,* sustained a parol partition of
the land notwithstanding the will. The question involved
here is whether the court has power to deny probate of a
will where its due execution is shown by the evidence and
the testator is shown to be of sound and disposing mind
and memory.

Section 2 of the statute relating to wills (Smith's Stat.
1925, p. 2571,) provides, in part, as follows: "And every
will, testament or codicil, when thus proven to the satisfac-

tion of the court, shall, together with the probate thereof,
be recorded by the clerk of said court in a book to be pro-
vided by him for that purpose." Section 12 of the act re-
quires that any person having in his custody a last will or
testament of another shall immediately upon the death of
the testator deliver up the will to the county court of the
proper county, and provides a penalty for his failure to do
so. Paragraph 23 of the Wills act (Smith's Stat. 1925,
p. 2576,) provides with reference to the probate of wills,
in part, as follows: *"Provided,* that in case such a petition
is not filed and a will has been deposited in said county court
for the space of ten days, then it shall be the duty of the
county court to proceed to probate said will without peti-
tion being filed, but only after having caused publication
and notice of the intention to probate said will to be given
to the parties in interest as to the court may seem proper."

The matter of disposition of property by will is wholly
statutory. The probate of wills is governed entirely by stat-
ute. When the statutory requirements are complied with
no others can be prescribed. (*Shepherd* v. *Yokum,* 323 Ill.
328; *Buerger* v. *Buerger,* 317 id. 401; *Thornton* v. *Hern-
don,* 314 id. 360.) The statute provides that by complying
with certain requirements therein specified a person may
dispose of his property by will. It also provides what
shall be done with that will with reference to its probate.
Section 2 of the statute relating to wills, before referred
to, also provides: "All wills, testaments and codicils * * *
shall be reduced to writing, and signed by the testator or
testatrix, * · * * attested in the presence of the testator
or testatrix, by two or more credible witnesses, two of
whom, declaring on oath or affirmation, before the county
court of the proper county, that they were present and
saw the testator or testatrix sign said will, testament or
codicil, in their presence, or acknowledged the same to be
his or her act and deed, and that they believed the testator
or testatrix to be of sound mind and memory at the time

of signing or acknowledging the same, shall be sufficient proof of the execution of said will, testament or codicil, to admit the same to record: *Provided,* that no proof of fraud, forgery, compulsion or other improper conduct be exhibited, which, in the opinion of said county court, shall be deemed sufficient to invalidate or destroy the same." Section 14 of the same act provides that an appeal may be taken from the order of the county court allowing or disallowing the probate of a will to the circuit court of the same county and that the trial of such appeal shall be *de novo.* The subject matter, however, of the inquiry on appeal remains the same—that is, whether the will is such as is entitled, under the statute, to probate. There is, however, this difference as to the evidence that may be offered: when a will is offered for probate in the probate court the only testimony that can there be heard as to the due execution of the will and the competency of the testator is that of the attesting witnesses. (*Oliver* v. *Oliver,* 313 Ill. 612.) Section 13 of the act provides that on appeal to the circuit court the parties seeking to probate the will may support it by any evidence competent to establish a will in chancery. It has been held by this court, however, that the contestants of the will, on appeal to the circuit court in such probate proceedings, are confined to the testimony of subscribing witnesses and the cross-examination of witnesses offered by the proponents. (*Shepherd* v. *Yokum, supra; Chandler* v. *Fisher,* 290 Ill. 440; *Mayer* v. *Schrenkler,* 286 id. 324.) This is the scope of the inquiry and the extent of the subject matter concerning which evidence may be given. In the absence of proof of fraud, forgery, compulsion or other improper conduct, both the probate court and the circuit court are required to admit a will to probate upon proof that the requirements of the statute have been complied with. Neither of these courts has power to refuse probate of a will upon any ground whatsoever other than

a failure of the proponent to make proper proof of the requirements mentioned in section 2 of the statute, or proof of fraud, forgery, compulsion or other improper conduct concerning the execution of the instrument. (*Shepherd* v. *Yokum, supra; Hill* v. *Chicago Title and Trust Co.* 322 Ill. 42.) It follows that proof of an agreement among the heirs that the will shall not be probated or that the heirs themselves will make distribution cannot be considered on an application to probate such will.

Counsel for defendant in error urge that the administration of this estate is wholly unnecessary; that all the legacies mentioned in the will have been paid; that there are no debts and that practically all the estate of the deceased was transferred to the defendant in error during the lifetime of the deceased; that the only one to receive any benefit from the administration of the estate is the executor, who would claim fees. These questions are not involved in this case. Were the question here one as to the right to have letters testamentary issued, or one of the right of the heir and legatees, after the probate of the will, to make an agreement among themselves which would prevent distribution by the executor, a different situation would be presented, but the issue arising in this case is whether the court can refuse to probate a will where proper proof of capacity of the testator and execution of the instrument has been made. We are of the opinion that it cannot.

The judgment of the Appellate Court and the order of the circuit court are therefore reversed and the cause is remanded to the circuit court, with directions to admit the will to probate.

*Reversed and remanded, with directions.*