NOTICE

Decision filed 02/04/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200432-U

NO. 5-20-0432

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* ESTATE OF EDWARD D. NIDA, Deceased (Jerry Lee McCabe, Petitioner-Appellant). | ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Madison County. No. 20-P-617 Honorable Clarence W. Harrison II, Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm that portion of the circuit court's order denying the petitioner appointment of counsel and reverse that portion of the circuit court's order dismissing the petitioner's *pro se* petition to admit the decedent's last will and testament to probate for lack of legal representation where there is no statutory requirement that a petition to admit a will to probate be filed by legal counsel.

¶ 2    The petitioner, Jerry Lee McCabe, appeals *pro se* the circuit court's order of December 16, 2020, denying his *pro se* motion for the appointment of counsel and dismissing his *pro se* petition to have the last will and testament (Will) of the decedent, Edward D. Nida, admitted to probate. The circuit court denied the petitioner's *pro se* motion for appointment of counsel on the basis that probate is a civil action and, as such, the petitioner had no right to the appointment of counsel. The circuit court further held that a probate estate is an artificial legal entity that was required to be represented by counsel and dismissed the *pro se* petition for lack of legal

1

representation. For the following reasons, we affirm that portion of the circuit court's order denying the petitioner's motion for the appointment of counsel and reverse that portion of the circuit court's order dismissing the petitioner's petition to admit the decedent's Will to probate.

¶ 3                               BACKGROUND

¶ 4      The petitioner is the stepson of the decedent, Edward D. Nida, who died testate on April 19, 2020. The petitioner filed a *pro se* petition (petition) with the circuit court requesting that the decedent's Will be admitted to probate. The petition is dated September 30, 2020, and has a certificate of service indicating that it was filed on September 30, 2020. The petition, however, was file stamped by the circuit court on December 7, 2020.

¶ 5      The petition alleged that the petitioner was a named heir in the Will and that the Will had been filed with the circuit court but had not been admitted to probate by either the executor or the alternate executor. The petition provided the names of the executor and the alternate executor along with the names and address of "ALL HEIRS" of the Will. The names of the attorneys that witnessed the execution of the Will were further provided in the petition. Finally, along with the request to admit the Will to probate, the petition requested that the circuit court appoint a guardian *ad litem* for an heir with congenital mental developmental disabilities.

¶ 6      Although the petition indicated that a certified copy of the decedent's Will was appended to the petition, there is no copy of the Will within the record on appeal. The petition does not address any exhibits; however, following the petition in the common law record and labeled as exhibit B is a written order of the circuit court dated October 8, 2020. The circuit court's written order of October 8, 2020, states:

> "Estate Petition filed *Pro Se* (unrepresented by an attorney).

An estate is an artificial person under Illinois law and *must* be represented by an attorney.

Case rejected/dismissed without prejudice to refiling *with* an attorney at law."

(Emphases in original.) The circuit court's order of October 8, 2020, is signed but does not contain a matter number and is not file stamped by the circuit court.

¶ 7    The petitioner also filed a *pro se* motion for the appointment of counsel (motion) which is file stamped December 7, 2020. The motion stated that the petitioner had filed a *pro se* petition to have the Will of the decedent admitted to probate on September 30, 2020, and that the circuit court dismissed his *pro se* petition for the lack of legal representation on October 8, 2020. The motion set forth the petitioner's attempts at obtaining legal counsel and then alleged that as an heir and/or an interested person, the petitioner had the statutory right to file his *pro se* petition to have the Will admitted to probate without an attorney. As such, the motion stated that it was in error for the circuit court to dismiss his petition for lack of legal representation and requested that the circuit court permit the petitioner to proceed with probate as an heir or an interested person without counsel, or in the alternative, that the circuit court appoint an attorney to represent the petitioner in the probate matter.

¶ 8    On December 16, 2020, the circuit court entered the following written order:

"New Decedent's Estate filed by Prisoner (*Pro Se*). Filing fees waived.

Motion for Appointment of Counsel is Denied. (Civil Case *not* Criminal Case—no right to appointment of counsel).

Probate estate is an artificial legal entity, which needs to be represented by counsel. Case dismissed for lack of legal representation and legal counsel.

3

Case dismissed. Close file." (Emphasis in original.)

¶ 9    The circuit court's December 16, 2020, written order also contained a note at the bottom of the order as follows:

"Note: Pursuant to Will filed by J. McCabe (20W283), the entire estate is passed to the decedent's wife, Betty J. Nida, whom J. McCabe indicates survived. As the spouse survives, J. McCabe received nothing per the terms of the will."

¶ 10   The petitioner now appeals the circuit court's order of December 16, 2020, denying his *pro se* motion for the appointment of counsel and dismissing his *pro se* petition to have the Will admitted to probate. For the following reasons, we affirm that portion of the circuit court's order denying the petitioner's motion for the appointment of counsel and reverse that portion of the circuit court's order dismissing the petitioner's petition to admit the Will to probate.

¶ 11                                    ANALYSIS

¶ 12   We will first address the petitioner's claim that the circuit court erred in denying him the appointment of counsel. The petitioner argues that the circuit court's denial to appoint counsel prohibited him from pursuing his legal claim in the probate court and thus denied him due process of law and access to the courts. This argument, however, is without merit. An individual has the right to counsel only if the constitution or a statute provides it. *People v. Love*, 312 Ill. App. 3d 424, 426 (2000). It is well settled that an individual has no right to the appointment of counsel in a noncriminal matter under the sixth amendment of the United States Constitution or in a civil action not brought by the State under the Illinois Constitution. *In re Marriage of Schmidt*, 241 Ill. App. 3d 47, 48 (1993). The petitioner has also failed to demonstrate that he had a statutory right to counsel, nor are we aware of any statutory right to counsel in a probate action.

4

Therefore, the circuit court did not err in denying the appointment of counsel to represent the petitioner in a probate matter.

¶ 13    Next, we address the petitioner's claim that the circuit court erred in dismissing his *pro se* petition to admit the Will to probate for the lack of legal counsel. The disposition of property by will is wholly statutory, and the proceedings for the probate of wills are governed entirely by statute. *Robertson v. Yager*, 327 Ill. 346, 353 (1927). As such, the dispositive issue is whether the petitioner was statutorily permitted to file the petition to admit the Will to probate without legal counsel. An issue of statutory construction is reviewed *de novo*. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 41. The primary objective of statutory construction is to ascertain and give effect to the legislature's intent. *Id.* "The language of the statute is the best indication of legislative intent, and our inquiry appropriately begins with the words used by the legislature." *Brucker v. Mercola*, 227 Ill. 2d 502, 513 (2007).

¶ 14    Further, all provisions of a statute should be viewed as a whole. *Id.* at 514. Accordingly, all words and phrases must be interpreted in light of other relevant provisions of the statute and must not be construed in isolation. *Sandholm*, 2012 IL 111443, ¶ 41. Statutes are to be construed so that no word, clause, or sentence is rendered meaningless or superfluous. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994). Where the statutory language is clear and unambiguous, it must be applied as written without resort to extrinsic aids of statutory construction. *Brucker*, 227 Ill. 2d at 513.

¶ 15    Section 6-2 of the Probate Act of 1975 (Act) provides that:

"Anyone desiring to have a will admitted to probate must file a petition therefor in the court of the proper county. The petition must state, if known: (a) the name and place of residence of the testator at the time of his death; (b) the date and place of death; (c) the

5

date of the will and the fact that petitioner believes the will to be the valid last will of the testator; (d) the approximate value of the testator's real and personal estate in this State; (e) the names and post office addresses of all heirs and legatees of the testator and whether any of them is a minor or a person with a disability; (f) the name and post office address of the executor; and (g) unless supervised administration is requested, the name and address of any personal fiduciary acting or designated to act pursuant to Section 28-3. *** If letters of administration with the will annexed are sought, the petition must also state, if known: (a) the reason for the issuance of the letters, (b) facts showing the right of the petitioner to act as, or to nominate, the administrator with the will annexed, (c) the name and post office address of the person nominated and of each person entitled either to administer or to nominate a person to administer equally with or in preference to the petitioner and (d) if the will has been previously admitted to probate, the date of admission." 755 ILCS 5/6-2 (West 2020).

¶ 16    The statutory language here is unambiguous. Section 6-2 of the Act clearly states, "*Anyone* desiring to have a will admitted to probate must file a petition therefor in the court of the proper county." (Emphasis added.) *Id*. Section 6-2 then sets out the requirements for the petition. *Id*. At the filing stage, the only issue before a circuit court regarding a petition to admit a will to probate is whether the petition meets the statutory requirements of section 6-2, and those requirements do not include a requirement that a petition to admit a will to probate may only be filed by legal counsel.

¶ 17    We also find no precedent to indicate that a petition to admit a will to probate is required to be filed by legal counsel. We acknowledge that the court in *In re Estate of Mattson*, 2019 IL App (1st) 180805, ¶ 7 (Hyman, J., dissenting), affirmed the dismissal of a *pro se* petition to

admit a will to probate because the petitioner was not a licensed attorney. The *pro se* petition in that matter, however, went beyond the single request to admit the will to probate and requested that the *pro se* petitioner be appointed the administrator of the estate, triggering the section 6-2 requirement that the petitioner demonstrate facts showing the right of the petitioner to act as, or to nominate, the administrator to the will.

¶ 18     In this matter, the petition did not make a request for the appointment of an administrator, nor did it request letters of administration or any other action other than the admittance of the Will to probate. The petition provided the name and the place of residence of the testator at the time of his death along with the date and place of the decedent's death. The petition included the date of the decedent's Will and the fact that the petitioner believed the Will to be the valid last will of the decedent. The petition further included the approximate value of the decedent's real and personal estate in this state; the names and addresses of all heirs; identified that one heir was a person with a disability; and the name and address of the executor and the alternate executor. As such, the petitioner's petition met all requirements set forth in section 6-2 of the Act for a petition to admit a will to probate.

¶ 19     "In the absence of proof of fraud, forgery, compulsion, or other improper conduct, both the probate court and the circuit court are required to admit a will to probate upon proof that the requirements of the statute had been complied with." *Shepherd v. Yokum*, 323 Ill. 328, 333 (1926). Where the statutory requirements have been complied with, no others can be prescribed. *Id*. at 332. The fact that an estate is a legal entity or that a petitioner may not inherit under a will only becomes relevant after the will has been admitted to probate since the purpose of the proceedings to admit a will to probate is to establish a *prima facie* case of the execution of the

instrument and the capacity of the testator to make it as a last will and testament. See *Schaefer v. Mazer*, 359 Ill. 621, 624 (1935).

¶ 20    Other provisions of the Act contain specific requirements that govern who may file subsequent petitions or motions after a will has been admitted to probate. *E.g.*, 755 ILCS 5/8-1(a) (West 2020) ("any interested person may file a petition in the proceeding for the administration of the testator's estate"). As such, the petitioner may be limited by statutory requirements or standing to take any additional action regarding the Will once it has been admitted to probate. Section 6-2, however, does not contain a requirement that a petition to admit a will to probate must be filed by legal counsel. *Id*. § 6-2. Therefore, we find that the circuit court erred in dismissing the petitioner's *pro se* petition to admit the decedent's Will to probate for lack of legal counsel. We have based our finding solely on the language of section 6-2 and, as such, this court makes no finding regarding the petitioner's alleged status as heir, devisee, legatee, or interested person under the Act.

¶ 21                                    CONCLUSION

¶ 22    For the foregoing reasons, we affirm that portion of the circuit court's December 16, 2020, order denying the petitioner's *pro se* motion for the appointment of counsel. We reverse that portion of the circuit court's order dismissing the petitioner's *pro se* petition to have the Will admitted to probate and remand for further proceedings consistent with this decision.


¶ 23    Affirmed in part and reversed in part; cause remanded.