In the Matter of the Estate of CATHERINE WEEDMAN, Deceased.—(HARRIET BAKER MATTHEWS *et al.* Appellants.

*Opinion filed June 21, 1912.*

1. WILLS—*on probate, only the testimony of subscribing witnesses is competent on question of mental capacity.* Upon application to probate a will executed in legal form no evidence other than the testimony of the subscribing witnesses is competent upon the question of the mental capacity of the testator or testatrix.

2. SAME—*transcript of proceedings for appointment of conservator not admissible on application for probate.* Upon application to probate a will, where the testimony of the subscribing witnesses satisfies the requirements of the statute, it is error to admit in evidence, for the purpose of showing that the testatrix was of unsound mind, a transcript of proceedings in the county court for the appointment of a conservator for the testatrix before the will was made.

3. SAME—*what does not show fraud in assisting in preparation of will.* The mere fact that the person appointed to act as conservator, but who did not qualify, and the attorney who represented the alleged distracted person in the conservatorship proceeding, subsequently assisted such person to make a will, does not show fraud or improper conduct on their part if they believed

she was of sound mind when the will was made, and did not exert any improper influence or suggest what the will should contain.

4. SAME—*presumption that unsoundness of mind once shown will continue is not conclusive.* An inquest of lunacy is conclusive as to subsequent occurrences only when made so by statute, and the presumption that unsoundness of mind once shown to exist will continue is not conclusive against the making of a valid will but may be rebutted by proof.

5. SAME—*finding that person is feeble-minded does not establish want of testamentary capacity.* A finding by a jury that a person is a distracted or feeble-minded person and by reason of such condition incapable of managing and caring for her estate is not conclusive that she lacks testamentary capacity, as one may be capable of making a will and yet be incapable of disposing of property by contract or of managing her estate.

6. SAME—*mental capacity required to make contracts is not essential to making of will.* Mental strength sufficient to compete with an antagonist is essential to the making of deeds and contracts and the transaction of ordinary business, but it is sufficient for the making of a will that the testator understands the business in which he is engaged, his property, the natural objects of his bounty and the disposition he desires to make of his property.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

WELTY, STERLING & WHITMORE, (NEWTON MATTHEWS, of counsel,) for appellants.

HART & FLEMING, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Catherine Weedman, a resident of Bloomington, Illinois, died on September 9, 1911, and a few days later Minor B. Neal, her son-in-law, presented to the county court of McLean county a petition for the probate of an instrument purporting to be her will. Objection was made by the present appellants, but upon the hearing of the petition the instrument was admitted to probate, and upon

appeal this order of the county court was affirmed by the circuit court. The objectors have appealed from the order of the circuit court.

The will was executed in legal form and the testimony of the subscribing witnesses fulfilled the requirements of the statute for its admission to probate. No other evidence as to the mental capacity of the testatrix was competent. (*Claussenius* v. *Claussenius,* 179 Ill. 545; *Moody* v. *Found,* 208 id. 78; *O'Brien* v. *Bonfield,* 213 id. 428.) The objectors, however, introduced in evidence a transcript of certain proceedings in the county court of McLean county for the appointment of a conservator for Mrs. Weedman which were begun on November 22, 1909, and resulted in a verdict finding that she was a distracted or feeble-minded person, and in a judgment rendered November 27, 1909, on the verdict, directing that Minor B. Neal be appointed conservator for her, from which judgment an appeal was taken by Mrs. Weedman to the circuit court. A transcript of her testimony given on the trial in the county court was also introduced. The will was executed on December 30, 1909. The appellants contend that a person who has been legally adjudged to be a distracted or feeble-minded person is therefore not authorized to devise property, and that the circumstances attending the execution of the will constituted such fraud and improper conduct as to invalidate it.

The object of a hearing when a supposed will is presented for probate is to determine whether it has been executed with the formalities required by law, and the statute prescribes the amount and kind of proof which is sufficient to admit the will to record,—that is, the testimony of two subscribing witnesses to the execution of the will and to their belief that the testator or testatrix was of sound mind. No other evidence is required and no contradictory evidence is admissible, though the statute reserves the right to show fraud, compulsion or other improper conduct sufficient to invalidate the will. Therefore no part of the pro-

ceedings for the appointment of a conservator or of the testimony of Mrs. Weedman was admissible for the purpose of showing that she was not of sound mind.

It is argued, however, that other circumstances in the case, in connection with the record, show fraud and improper conduct which should invalidate the will. These other circumstances are, that Minor B. Neal, who was appointed conservator but did not qualify, took Mrs. Weedman to the office of the attorney who wrote the will; that he witnessed it, together with the lawyer who wrote it and who was Mrs. Weedman's attorney in the trial for the appointment of a conservator, and with two other persons who were witnesses on that trial. The conclusion that the action of these persons constituted fraud or improper conduct rests upon the hypothesis that the order of the county court was conclusive proof of the unsoundness of mind of the testatrix. There was no impropriety in their assisting Mrs. Weedman, in the manner stated, in making her will if they believed her at the time to be of sound mind. There is no evidence that any one of them made any suggestion as to what the will should contain or sought to influence or compel her or was guilty of any fraud in respect to it. No action of any person is shown which could be regarded as fraud, compulsion or improper conduct unless the testatrix was of unsound mind, and, as has already been said, no evidence on that question was admissible except the testimony of the subscribing witnesses.

Moreover, it is to be noted that the will was executed more than a month after the verdict of the jury and the judgment of the county court, and the judgment could not be conclusive that the testatrix was still of unsound mind at the latter date. Though unsoundness of mind once shown to exist may be presumed to continue, the presumption is not conclusive. If the testatrix had been confined in a hospital for the insane under the judgment and had applied for a writ of *habeas corpus* on the day the will was

executed, she would have been entitled to be discharged if she had shown she was then of sound mind, notwithstanding the judgment. An inquest of lunacy is conclusive as to subsequent occurrences only when made so by statute, as in the case of contracts, which are declared void by section 14 of chapter 86 of the Revised Statutes. It is significant that no such declaration is made in regard to wills. It is further to be observed that the verdict and judgment do not find that Mrs. Weedman was of unsound mind. The finding is that she is a distracted or feeble-minded person, and by reason of this condition incapable of managing and caring for her estate. No greater force can be given to this finding than that she was feeble-minded, and this is not enough to invalidate a will. Mental weakness is not inconsistent with testamentary capacity. A less degree of mental capacity is requisite for the execution of a will than for the execution of contracts and the transaction of ordinary business. One may be capable of making a will yet incapable of disposing of his property by contract or of managing his estate. (*Greene* v. *Greene,* 145 Ill. 264.) Mental strength to compete with an antagonist and understanding to protect his own interest are essential in the transaction of ordinary business, while it is sufficient for the making of a will that the testator understands the business in which he is engaged, his property, the natural objects of his bounty and the disposition he desires to make of his property. (*Ring* v. *Lawless,* 190 Ill. 520; *Greene* v. *Maxwell,* 251 id. 335.) The condition of being unable, by reason of weakness of mind, to manage and care for an estate is not inconsistent with capacity to make a will. *Rice* v. *Rice,* 50 Mich. 448; *Williams* v. *Robinson,* 39 Vt. 267.

The order of the circuit court was right, and it is affirmed.

                                    *Order affirmed.*