(No. 41275.—

RUTH KING RUFFING *et al.,* Appellants, *vs.* DALE GLISSEN-DORF *et al.,* Appellees.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

BLANKSTON AND LANSING, both of Chicago, for appellants.

JURCO, DAMISCH AND SIMSON, of Chicago, (WILLIAM J. SCOTT, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The primary question posed by this case is whether the 9 (now 7) months period of limitation under section 90 of the Probate Act (Ill. Rev. Stat. 1965, chap. 3, par. 90),

for filing a petition to contest the admission of a will to probate, operates as a jurisdictional limitation or only as a statute of limitations.

The probate division of the circuit court of Cook County entered an order on December 10, 1965, admitting an instrument dated June 28, 1965, as the will of Anna G. King and letters testamentary were issued to Continental Illinois National Bank and Trust Company. A petition was filed on December 21, 1966, under section 72 of the Practice Act (Ill. Rev. Stat. 1965, chap. 110, par. 72), by Ray N. King, Ruth King Ruffing and Ona King Marr, nephew and nieces of Anna's long-predeceased husband. Respondents, to whom Anna devised and bequeathed her entire estate, were a nephew and three nieces of Anna, children of her brothers and sisters. The relief sought and the means of procuring relief from this court are not entirely clear. The petition asks that the 1965 will be decreed a nullity, that letters testamentary be revoked, that a prior will be admitted to probate and that petitioners' attorneys be substituted and their compensation fixed. The order admitting the will to probate is attacked, but, in addition, petitioners seek to contest the validity of the will itself and to have the earlier will admitted. So, it would seem that they attempt to attack the order probating the will, contest the validity of the will and have the probate of an earlier will all combined in one proceeding. In final analysis, however, the real purpose is to find a means to invalidate the will on the ground of alleged lack of mental capacity of the decedent. The circuit court dismissed the petition and the Appellate Court, First District, affirmed. (91 Ill. App. 2d 342.) We granted leave to appeal.

Anna had executed a prior will dated July 25, 1961, wherein petitioners were to receive $5,000 each plus ¾ of her residuary estate. That will was filed December 27, 1965, by the Chicago law firm which prepared it and to whom it had been entrusted.

On March 5, 1962, an order was entered by the probate court of Cook County finding that Anna "is an incompetent and is incapable of managing her estate or person" and a conservator was appointed for her estate and person. Two days later she was admitted to a Chicago nursing home where she remained until June 28, 1965. In the meantime, on June 2, 1965, the conservator resigned "under fire" and the American National Bank and Trust Company of Chicago was appointed successor conservator of Anna's estate and one of these respondents, Frances Guenther, was appointed successor conservator of Anna's person. On the same day Frances procured a court order directing that Anna be placed in a nursing home at Caledonia, Minnesota. On June 28 she signed the will in question and on December 5 she died at LaCrosse, Wisconsin.

Section 90 of the Probate Act provided that within 9 months of its admission to probate, any interested person might file a petition in the administration proceeding to contest the validity of a will. The appellants did not file a petition to contest the will under section 90, but they have instead filed this action under section 72 of the Civil Practice Act and seek in this proceeding to contest the will admitted to probate. Considering this action as one under section 90 for purposes of this opinion, appellants are faced with the fact that their action was not commenced within the 9-month period provided by section 90.

In *Luther* v. *Luther*, 122 Ill. 558, an action was commenced under section 7 of the Wills Act of 1872 (Ill. Rev. Stat. 1874, chap. 148, par. 7), the predecessor of section 90, to set aside a will and its probate on the grounds that the testator was of unsound mind and memory when he made the will and that he was induced to make the will by fraud and misrepresentation. The action was filed after the time limitation provided in the statute, but the contestants alleged that the facts had been fraudulently concealed from them. This court held that the time limitation of the statute

was not a statute of limitations but was a jurisdictional limitation and that the running of the time limitation was not tolled by fraudulent concealment of the cause of action or by any other fact not expressly provided for by the statute itself.

This holding has been consistently followed in many cases. (See 2 James, Illinois Probate Law and Practice, sec. 90.4, and cases cited therein; 1 Horner Probate Practice and Estates, sec. 90 and cases there cited.) Petitioners acknowledge this to be the present construction of section 90, but they advance many arguments why the time limitation should now be construed as a statute of limitations and not a jurisdictional limitation. They first argue that because of the adoption of the Judicial Article effective January 1, 1964, the rule of the *Luther* case has been changed. They point out that prior to the Judicial Article the probate court had original jurisdiction of all probate matters (Ill. Const. of 1870, art. VI, sec. 20), while the circuit court had original jurisdiction of all causes in law and equity and such appellate jurisdiction as is or may be provided by law. (Ill. Const. of 1870, art. VI, sec. 12.) Without any reason or argument, they conclude that because the probate court has been abolished as a separate judicial entity by the Judicial Article and the circuit court now has unlimited original jurisdiction of all justiciable matters, that the limitation period of section 90 is no longer a jurisdictional limitation but is now a statute of limitations which may be tolled by fraud.

We fail to comprehend the point advanced by the petitioners. The theory of the *Luther* case, which rejected the contention that the time limitation was an ordinary statute of limitations and held it to be a jurisdictional limitation, was as follows: a will contest as provided by the statute was unknown to the common law, and therefore jurisdiction to contest the validity of a will is derived exclusively from the statute and such jurisdiction can only be exercised

in the mode and under the limitations prescribed by the statute; the certainty of property rights created by a will admitted to probate is, after the time provided by the statute, an overriding consideration to the possibility of fraudulent concealment of the cause of action; and the jurisdiction conferred by the statute on the circuit court was not an extension and continuation of the probate court's original jurisdiction in probate matters because its original jurisdiction in probate matters was not as broad as the jurisdiction conferred by the statute. Thus, the holding of *Luther* was not based on the fact that the probate court was a separate judicial entity with original jurisdiction in probate matters, and the abolition of that court as a separate entity and the grant of unlimited original jurisdiction of all justiciable matters to the circuit court have not *ipso facto* changed the consistent construction that has been given to section 90 and its predecessors.

It is next argued that the rule of the *Luther* case should not be followed because it antedates section 72 of the Civil Practice Act and would make a nullity of the function and purpose to be served by that section. Again we fail to comprehend the point asserted by petitioners. The purpose of section 72 is, of course, to provide relief from final orders, judgments and decrees, after 30 days from the entry thereof. (See *Collins* v. *Collins,* 14 Ill.2d 178.) Here there was no action brought under section 90 and, therefore, there is no judgment from which to seek relief. Section 72 of the Civil Practice Act is to be used to obtain relief from a final judgment and not to institute an original action to contest a will where the time limitation of section 90 of the Probate Act has expired.

Petitioners also note that section 7 of the Wills Act of 1872, which was construed by this court in the *Luther* case, provided, "but if no such person shall appear within the time aforesaid, the probate as aforesaid shall be forever binding and conclusive on all the parties concerned, saving

to infants, *femes covert,* persons absent from the state, or *non compos mentis,* the like period after the removal of their respective disabilities." They argue that the rule of the *Luther* case should not be followed because section 90 does not contain the specific language of finality contained in section 7 of the Wills Act of 1872 and because it does not toll the time limitation as to minors, married women under legal disability, incompetents, or persons absent from the State as did the old section 7. Essentially this same contention was advanced in *Masin* v. *Bassford,* 381 Ill. 569, on constitutional grounds and this court again applied the rule of the *Luther* case despite the absence of specific language of finality and the savings clause as to minors, incompetents and persons absent from the State.

Petitioners acknowledge that the basic justification of the rule in the *Luther* case is the necessity to expedite the administration and distribution of estates, and to prevent undue delay in the settlement and determination of property interests created under a will. They argue at length, nevertheless, that we should adopt the doctrine "that the period of limitations under Section 90 * * * operates, not as a jurisdictional limitation upon the Circuit Court, but only as a Statute of Limitations subject to such exceptions as would, as here, by reason of fraud, bar the tolling or running of a Statute of Limitations," which doctrine "would not and need not, consistent with doing justice, lead to any undue delay in the administration and distribution of estates; and would not and need not lead to undue delay in the settlement and determination of property interests in estates." They cite *Molitor* v. *Kaneland Community Unit District,* 18 Ill.2d 11, for the proposition that we have not hesitated to overturn or modify rules of long duration where public policy considerations, the demands of justice, or the making of good law have called for it.

It is unnecessary for us to consider whether public policy considerations favor retention or rejection of the

rule of construction adopted in *Luther*. In *Molitor* we abolished the common-law doctrine of governmental immunity from tort liability as to school districts. In so doing we observed: "Defendant strongly urges that if said immunity is to be abolished, it should be done by the legislature, not by this court. With this contention we must disagree. The doctrine of school district immunity was created by this court alone. Having found the doctrine to be unsound and unjust under present conditions, we consider that we have not only the power, but the duty, to abolish that immunity." (18 Ill.2d 11, 25.) Here, however, we have a time limitation *enacted by the legislature* in the Wills Act of 1872 which this court in *Luther* in 1887 construed to be jurisdictional. The statute governing will contests has been amended on numerous occasions without disturbing the *Luther* holding. The action is exclusively statutory, the legislature has acquiesced in the many cases holding the time limitation to be jurisdictional, and for us to now construe the time limitation differently would amount to amending the statute, which we cannot do. See *Schwarz* v. *Schwarz,* 27 Ill.2d 140; *Knierim* v. *Izzo,* 22 Ill.2d 73.

We hold that the time limitation in section 90 of the Probate Act is jurisdictional and is not tolled by fraudulent concealment or by any other fact not expressly provided for by the statute.

We turn then to the question of whether petitioners are entitled to a review of the order admitting the will to probate, which was entered under the provisions of section 69 of the Probate Act. (Ill. Rev. Stat. 1965, chap. 3, par. 69.) It provides: "When each of 2 attesting witnesses to a will testifies before the court (a) that he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or that the testator acknowledged it to the witness as his act, (b) that the will was attested by the witness in the presence of the testator, and (c) that he believed the testator to be

of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. The proponent may also introduce any other evidence competent to establish a will in chancery. If the proponent establishes the will by sufficient competent evidence it shall be admitted to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will."

It has long been recognized that the proof necessary to entitle a will to probate is confined to the essential elements fixed by the statute (section 69 and its predecessors) and is for the purpose of establishing whether a *prima facie* case of validity has been made. (*In re Will of Ingals,* 148 Ill. 287; *Claussenius* v. *Claussenius,* 179 Ill. 545.) The hearing is to determine whether the will has been executed with the formalities required by statute, including testimony of two subscribing witnesses that in their belief the testator was of sound mind. "No other evidence is required and no contradictory evidence is admissible, though the statute reserves the right to show fraud, compulsion or improper conduct sufficient to invalidate the will." *In re Estate of Weedman,* 254, Ill. 504, 506; *Oliver* v. *Oliver,* 313 Ill. 612.

Contestants may only introduce competent evidence for the purpose of showing fraud, compulsion or other improper conduct. (Forgery has been added.) In *Stuke* v. *Glaser,* 223 Ill. 316, the objectors attempted to introduce testimony that the testatrix was in a comatose condition and unable to recognize anyone on the date of execution, but the evidence was held incompetent. It was there said: "The 'fraud' permitted to be proven to invalidate the will in a proceeding to admit it to probate was not intended to embrace the testamentary capacity of the testator. It re-

lates to such conduct as a trick or device by which a person may be induced to sign the paper under the impression it is something else, or to the alteration of the will after it is signed, or the substitution of another paper for part of the will after it has been signed, and matters of like character." (223 Ill. 316, 320.) This holding has been followed in subsequent cases. *In re Estate of Weedman,* 254 Ill. 504; *Shepherd* v. *Yokum,* 323 Ill. 328.

There is no claim of fraud in the execution of Anna's will other than the fact that the attorneys who drew the will and who were witnesses to it had knowledge of the incompetency proceeding by their participation in that proceeding. This does not constitute fraud within the meaning of section 69 and they could not have introduced the record of the incompetency proceeding had they appeared at the hearing to probate.

Petitioners argue, nevertheless, that the cases holding contestants cannot introduce evidence touching on the testator's sanity, or his capacity to make a will or whether he made it under unlawful constraint at the hearing under section 69, but must do so in an action under section 90, all antedate the adoption of section 72 of the Civil Practice Act and are not controlling as to the scope of the issues that can be raised under section 72. In essence they argue that although they could not introduce evidence of Anna's testamentary capacity at the hearing to admit the will to probate, they should be permitted to do so in the hearing under section 72 to set aside the order admitting the will to probate.

The issue of testamentary capacity which petitioners seek to litigate can, of course, be raised in an action under section 90 of the Probate Act. Their argument concerning section 72 of the Civil Practice Act and section 69 of the Probate Act amounts to nothing more than another attempt to use section 72 to institute an original action to contest a will where the time limitation of section 90 has expired. As

we have heretofore indicated, section 72 cannot be used for this purpose.

It is then argued that because of the amended Judicial Article, the cases holding objectors cannot introduce contradictory evidence of the testator's mental capacity are no longer controlling. They point out that the article, which gives the circuit court unlimited original jurisdiction of all justiciable matters and abolishes the probate court as a separate judicial entity, provides no procedure and imposes no limitations on the circuit court in the exercise of its original probate jurisdiction and that section 69 of the Probate Act contains no specific bar as to the character of evidence that may be introduced by a contestant at the hearing to admit a will. From this they apparently conclude that the cases construing the purpose and intent of section 69 are no longer controlling.

With the abolition of the probate court as a separate judicial entity the circuit court acquired "original jurisdiction of all probate matters," formerly belonging to the probate court, as a part of its "unlimited original jurisdiction of all justiciable matters." It is not apparent to us why the "original jurisdiction of all probate matters" formerly possessed by the probate court and now possessed by the circuit court would change the manner of proving a will under section 69.

As with our decisions construing section 90, our many decisions construing section 69 and its predecessors have been acquiesced in by the legislature. If we were to now depart from this long-established construction of section 69, we would in effect be amending that section.

While this action was commenced as a section 72 proceeding, the real purpose was to invalidate the will on the ground of alleged lack of mental capacity of the decedent. This could only be accomplished in a proceeding under section 90 of the Probate Act. Construing the petition as one

under section 90, it was not filed within the time provided by that section, which would not be tolled by fraudulent concealment even if it could be proved. (*Luther* v. *Luther,* 122 Ill. 558.) The circuit court properly dismissed the petition.

The judgment of the Appellate Court, First District, affirming the circuit court of Cook County, is affirmed.

*Judgment affirmed.*