VELMA WERNER et al., Plaintiffs-Appellants, v. MELVIN SIEFKER, Individually and as Ex'r of the Will of Rose Siefker, Deceased, et al., Defendants-Appellees.

(No. 75-205; 

Third District—December 12, 1975.

Granger, Butz, Blanke, Mortell & Jaffe and Ackman, McKnelly, Marek & Boyd, both of Kankakee (Armen R. Blanke, of counsel), for appellants.

O'Brien, Garrison, Berard & Kusta, of Joliet (James E. Garrison, of counsel), for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiffs Velma Werner and Norma Riegel appeal from a judgment of the Circuit Court of Will County reaffirming a decision of that court finding that the amended complaint of plaintiffs should be dismissed because the issue raised had been fully litigated. The action was commenced by the two sisters against their brother individually, and as executor of their mother's estate. The action was instituted to enforce the terms of a joint will executed by the decedent Rose Siefker and her deceased husband. The trial court dismissed the amended complaint on the ground that the contractual effect of the joint will had already been litigated in the previous proceedings and was res judicata.

On appeal in this court the plaintiffs contend that the earlier order of the probate court could not have adjudicated the contractual nature of the joint will for the reasons (1) there is nothing in the record to show that evidence was placed before the court on that issue, and (2) that in any event the issue of whether a prior joint will was mutual and based on a contract between the two testators is not properly before the probate court in the initial proceeding to determine which will should be admitted to probate under a section 69 proceeding (Ill. Rev. Stat. 1973, ch. 3, § 69).

Defendants Melvin Siefker, individually, and as executor, and his wife Erna Siefker contend that plaintiffs had a full and fair opportunity to present evidence in support of their position at the original so-called probate proceeding, and that once having placed the issue before the court, they cannot now argue that the court should not have decided that question.

It appears that the parents of the parties, Albert and Rose Siefker, executed a joint will on September 4, 1953, by the terms of which each devised and bequeathed all of his or her property to the survivor. The will provided that, at the death of the survivor, the property, which included two parcels of real estate, should be divided, in a manner described as roughly equal, among the three children. Albert Siefker died December 27, 1954. The will was filed in the probate clerk's office 3½ years later, but was never probated. Rose Siefker instead took all her husband's property by way of her joint tenancy rights and a release of all interest in the property, executed by all of her children.

Rose Siefker died on February 8, 1971. Prior to her death, in three

separate transactions, she transferred most of one of the parcels of real estate to her son Melvin for a total recited consideration of $30. She also transferred the other parcel to Melvin and his wife for another recited consideration of $10. Finally, on May 9, 1970, she executed a new will revoking all prior wills, by the terms of which she bequeathed her personalty to all three children, with the residue to go to Melvin, provided he would pay certain sums to the daughters Velma and Norma.

At the initial probate proceeding to admit the will, both the 1953 joint will and the 1970 individual will were presented. Plaintiffs at that time contended that the prior joint will was based on a contract and was irrevocable, and, as such, was entitled to probate instead of the later will. The probate judge, in an order entered on June 9, 1971, found that plaintiffs had failed to prove the existence of a contract and that the later will should be admitted.

Plaintiffs thereafter filed a complaint in the circuit court seeking to "enforce the provisions of the joint will." The court interpreted this as a further attempt to prove the joint will as the last will of the deceased and dismissed the complaint. An amended complaint was filed, which specifically asked for enforcement of the contract allegedly existing, and shown by the joint will, or, alternatively, for damages resulting from a breach of contract by decedent. The executor and his wife answered that the claim was barred by the doctrine of res judicata. The trial court then upheld that contention and dismissed the amended complaint.

On appeal in this court, plaintiffs Velma Werner and Norma Riegel contend that the validity of a joint and mutual will is not within the permissible scope of inquiry, in a probate proceeding, under section 69 where one or more wills are sought to be admitted to probate. They contend that, consequently, any ruling in such probate proceeding as to the validity or enforceability of a joint will is irrelevant and of no effect. Plaintiffs also contend that estoppel by record or the doctrine of res judicata cannot apply to the finding of a specific fact in the prior proceeding, unless the prior litigation involves the same parties and unless the issue decided was necessary in the proceeding.

This principle is recognized in *Radford v. Cosmopolitan National Bank* (1st Dist. 1964), 52 Ill.App.2d 240, 249) and in *Pipitone v. Mandala* (2nd Dist. 1962), 33 Ill.App.2d 461, 465). It is pointed out as being expressly significant that neither Erna Siefker individually, nor Melvin Siefker, as executor of the will of Rose Siefker, deceased, were parties to the probate proceedings. As a result it is strongly urged that an executor of an estate is not only a proper party, but is an essential party to any proceeding where an attempt is made to prove the existence of a contract not to revoke a will. (*In re Estate of Marcucci* (1973), 54 Ill.2d 266, 270, 296

N.E.2d 849). Appellants emphasize also that the Supreme Court of this State in the *Marcucci* case established that if the issue of enforceability of a joint will may have been raised in a probate proceeding to determine which of the two wills should be admitted to probate, the fact that it is so raised does not result in a waiver of a right to assert a claim later under such joint will, by a claim against the estate or by a separate action against the estate.

In the *Marcucci* case the Supreme Court did in fact expressly determine that the issue of whether or not a will was executed pursuant to a contract not to revoke is not within the scope of inquiry under section 69 of the Probate Act, but can only be asserted in form of a claim against the estate or otherwise by suit to enforce the contract not to revoke the joint will or by means of a suit in equity. The Supreme Court in the *Marcucci* case pointed out that, prior to the decision in the *Marcucci* case, there had been a conflict as between two different appellate court districts in this State as to the nature and scope of inquiry under section 69. The First District Court in the case of *In re Estate of Weaver* (1966), 71 Ill.App.2d 232, 217 N.E.2d 326, held that a prior joint will could be proved in a section 69 hearing. In the Fifth District in the case of *In re Estate of Lockwood*, 124 Ill.App.2d 439, 260 N.E.2d 344, the appellate court ruled that the issue of whether a prior will was executed, in derogation of a contract not to revoke, was not within the realm of inquiry under section 69 but could be raised in a separate appropriate proceeding.

In the *Marcucci* case, the Illinois Supreme Court also pointed out that section 69 had been examined in a number of cases including *In re Estate of Baughman* (1960), 20 Ill.2d 593, 170 N.E.2d 557, where an attempt was made to prove the validity of a prior revoked joint and mutual will in a section 69 proceeding. The probate court in that case refused to consider the issue. The Supreme Court affirmed and held that the issue in such proceeding was limited to "which of the proferred instruments is the last will of the testator executed in compliance with the statutory requirements * * *." (20 Ill.2d 593, 601, 170 N.E.2d 561.) The Supreme Court in the *Baughman* case held that the probate court had no jurisdiction to decide whether there was in fact a contract not to revoke a joint will and noted that the issue might be litigated only "in an action on a contract or in a suit in chancery." See also *In re Will of Lortz*, 23 Ill.2d 344, 178 N.E.2d 298.

The parties contended that the *Baughman* and similar decisions became inapplicable following the adoption of the Judicial Article (1870 Constitution as amended by article VI, § 8, effective January 1, 1964). It is true that the Act consolidated all special courts then in existence in

a circuit court of general jurisdiction. The argument, however, was rejected in *Ruffing v. Glissendorf* (1968), 41 Ill.2d 412, 243 N.E.2d 236. In the *Ruffing* case an attempt was made in a section 69 proceeding to invalidate a will based upon incompetency of the testator. The court again emphasized that the section 69 proceeding was simply to consider proof necessary to entitle a will to probate and to determine whether a prima facie case of validity had been made. The court asserted that no contradictory evidence is admissible, and that creation of circuit courts of unlimited jurisdiction did not alter the character of the evidence which is permitted by statute in a section 69 proceeding.

Consistently, the Illinois Supreme Court in *Marcucci* specifically determined that the validity of a joint and mutual will is not within the permissible scope of inquiry as delineated in section 69. It was noted that the purpose of the section was to admit a will to probate expeditiously and to appoint an executor to marshall and protect the assets of the estate. The Supreme Court stated:

> "Any attempt to prove the existence of a contract not to revoke at such proceedings is irrelevant since it is tantamount to an attempt to prove a contractual claim against the estate *before the appointment of an indispensable party, the executor.*" (Emphasis added.) (54 Ill.2d 266, 270.)

The Supreme Court then concluded that the issue of validity of the joint and mutual will may not be properly presented in conjunction with a section 69 proceeding.

We note that at the time the instant case was being considered in the trial court there was a conflict between two appellate districts (not including the Third District), as to whether the so-called "joint and several will" could be established in a section 69 proceeding. Apparently the plaintiffs sought to protect plaintiffs' position by taking action in that proceeding to prevent them from being foreclosed from raising the issue in the event an attempt was not made to establish the will in a section 69 proceeding. We find now, in the light of the *Marcucci* case, that a significant element, which prevented a complete determination by the trial court, was the fact that the executor, as such, was not made a party to the proceeding. In the *Marcucci* case the proceeding was also referred to as a "contest," but there the court pointed out that the appointment of the executor was indispensable to an action asserting a claim against the estate.

On the basis of the record, therefore, we do not believe that, in the course of the section 69 proceeding, or ancillary thereto, and even by assertion of the claim by plaintiffs, prior to the appointment of the executor, the trial court was empowered to enter a judgment which is

binding and conclusive as against the plaintiffs, so as to bar a subsequent proceeding on the issue with respect to the so-called "joint and several will" on the precedent of the *Marcucci* case. Plaintiffs are not barred from raising the issue on appeal for the reason that in the instant case the appeal is from the record in the circuit court, and the action of the trial court in the prior section 69 proceeding will not operate to bar the action by plaintiffs in the current proceeding.

On the basis of the precedent in the *Marcucci* case, we conclude that the judgment of the Circuit Court of Will County in the instant case should be reversed, and this cause should be remanded to the Circuit Court for further proceedings. The judgment of the Circuit Court of Will County is accordingly reversed and the cause is remanded for further proceedings consistent with the opinion in this case, and the precedent in the *Marcucci* case referred to herein.

Reversed and remanded with directions.

STOUDER, P. J., and BARRY, J., concur.