42 Ill. App.3d 860 (1976)
356 N.E.2d 967
In re ESTATE OF MURIEL PARKER, Deceased.  (MARION H. HALL, Plaintiff-Appellant,
v.
ANIMAL WELFARE LEAGUE et al., Defendants-Appellees.)
No. 62368.
Illinois Appellate Court  First District (2nd Division).
Opinion filed September 28, 1976.
*861 Roberta Boarman and LeRoy P. Vital, both of Chicago (Harth, Vital, Stroger, Boarman and Williams, of counsel), for appellant.
Thomas M. Clarke, of Chicago, for appellee Barbara West.
Order reversed.
Mr. JUSTICE DOWNING delivered the opinion of the court:
The issue before the court is whether a trial court can refuse to admit to probate a writing which meets the requirements of section 69 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 69), but which may not meet the definition of a will.
As the heir and named executor under the purported last will and testament of Muriel Parker, plaintiff Marion H. Hall appeals from an order denying admission of the following instrument to probate:
"LAST WILL AND TESTAMENT
I, MURIEL PARKER, of the City of Chicago in the County of Cook and State of Illinois, revoke any and all former wills and codicils by me made, and declare this to be my last will and testament.
FIRST. I nominate and appoint my brother, REV. MARION HARVEY HALL, JR., to be the executor of my estate.
SECOND. I direct that my executor pay all my just debts and funeral expenses as soon after my decease as conviently [sic] may be.
THIRD. After the payment of such debts and funeral expenses, I give, devise and bequeath my real estate properties, commonly known as 7547 South Indiana Avenue, Chicago, Illinois and 5931 South Lafayette Avenue, Chicago, Illinois; and, all the rest, residue and remainder of my property, of whatever kind and wherever situated, in or which I may have any interest at the time of my death.
IN WITNESS WHEREOF, I hereunto set my hand and seal this 4th day of July, 1974.
 X/s/ Muriel Parker
 _____________________________
 MURIEL PARKER

*862 THIS INSTRUMENT was, on this date, signed by Mrs. Muriel Parker, as and for her last will and testament, in the presence of the undersigned, who at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses thereto:
 /s/ James W. Thomas Residing at 11329 So.
 Peoria St.
 /s/ Sue B. Washington Residing at 5311 So.
 Ellis Ave.
 /s/ Rev. Joseph R. Evans Residing at 8307 So.
 Ingleside"
Defendants objected to the admission of the purported will to probate at a contested hearing. James Thomas and Sue Washington, subscribers of the attestation clause, testified as to the circumstances surrounding attestation. They testified that they saw the deceased sign the purported will, that they attested the purported will in her presence, and that they believed her to be of sound mind and memory at the time. After their testimony, the trial court stated that the mechanics of the statute (Ill. Rev. Stat. 1969, ch. 3, par. 69) had been met but denied the admission of the document to probate because the document was not a will. Plaintiff appeals contending that the court erred in denying the purported last will and testament admission to probate.

I.
 1 The decisive question is the scope of inquiry and authority of the circuit court in a proceeding to admit an instrument to probate. We think that the court below exceeded the scope of proper inquiry set forth in the Illinois probate act. To be entitled to probate, pursuant to section 69 of the probate act, a will must be in writing, signed by the testator or by some person in his presence and by his direction, attested in the testator's presence by two or more credible witnesses in whose presence the testator signed or to whom he acknowledged the instrument as his free act, and the witnesses must swear that they believed the testator was of sound mind and memory at the time. Proof of fraud, forgery, compulsion, or other improper conduct could invalidate or destroy the will. (Ill. Rev. Stat. 1969, ch. 3, par. 69; Hill v. Chicago Title & Trust Co. (1926), 322 Ill. 42, 49, 152 N.E. 545; Hart v. Hart (1919), 290 Ill. 476, 480, 125 N.E. 366; Mayer v. Schrenkler (1918), 286 Ill. 324, 329, 121 N.E. 604.) The object of a hearing when a supposed will is presented for probate is to determine whether it has been executed with the formalities required by law. In re Estate of Weedman (1912), 254 Ill. 504, 506, 98 N.E. 956.
If the proponent at a hearing establishes the will by sufficient competent evidence, it will be admitted to probate, unless there is proof of fraud, forgery, compulsion, or other improper conduct which is deemed sufficient to invalidate or destroy the will (In re Estate of Knazek (1st Dist. 1954), 1 Ill. App.2d 387, 396, 117 N.E.2d 683); the issue in a *863 proceeding to probate a will is the due execution of the instrument as a will and the competency of the maker thereof (Schaefer v. Mazer (1935), 359 Ill. 621, 623, 195 N.E. 442).
 2, 3 When the statutory requirements for admission of a will to probate are complied with, no others can be prescribed. (Shepherd v. Yokum (1926), 323 Ill. 328, 332, 154 N.E. 156; In re Estate of Guinane (1st Dist. 1965), 65 Ill. App.2d 193, 200, 213 N.E.2d 30.) It follows then that the burden of proof in establishing the validity of a proffered will is on the proponent, but it is not the duty of the proponent to show that the will is valid in all respects; it is his duty only to prove the essential elements included in the statute. (In re Estate of Salzman (1st Dist. 1974), 17 Ill. App.3d 304, 306-07, 308 N.E.2d 83; In re Estate of Thomas (1st Dist. 1972), 6 Ill. App.3d 70, 72, 284 N.E.2d 513.) Our research has indicated that on a petition to admit an instrument to probate, the circuit court may refuse probate of a will only on the failure of a proponent to make proper proof of the requirements mentioned in the statute, or because proof of fraud, forgery, compulsion, or other improper conduct appears which is deemed sufficient to invalidate the will. Shepherd v. Yokum; In re Estate of Marcucci (1973), 54 Ill.2d 266, 269, 296 N.E.2d 849; Ruffing v. Glissendorf (1968), 41 Ill.2d 412, 420, 243 N.E.2d 236; Werner v. Siefker (3rd Dist. 1975), 33 Ill. App.3d 905, 909, 338 N.E.2d 571; In re Estate of Ostrowski (1st Dist. 1954), 3 Ill. App.2d 431, 434, 122 N.E.2d 596; In re Estate of Lewicki (1st Dist. 1935), 282 Ill. App. 192, 199.
 4 In the case at bar the court examined, and expressed an opinion as to, the content of the instrument, a matter beyond permissible statutory limits. After the subscribing witnesses' testimony, the court stated that the statutory requirements had been met. That finding was sufficient to require admission to probate of the instrument. The court's further inquiry as to whether the instrument is a will was premature. In Shepherd v. Yokum our supreme court held that undue influence is a ground for contesting a will but not for resisting its probate. It stated that, "It was not intended by the legislature that all things which will invalidate a will should be cognizable by the court to which an application for probate is addressed." 323 Ill. 328, 334.
Once an instrument which complies with section 69 of the probate act is admitted to probate, it would then be proper to raise the issue whether the instrument is in fact a will. As to that point, at this time, we express no opinion. We reverse the order of the circuit court denying admission of the purported last will and testament of Muriel Parker to probate and direct that court to admit the instrument to probate.
Reversed.
STAMOS, P.J., concurs.
*864 Mr. JUSTICE HAYES, specially concurring:
In my opinion, what our decision holds is that the applicable Illinois statute (Ill. Rev. Stat. 1973, ch. 3, par. 69) does not permit the issue of the testamentary character of an instrument to be cognizable in a petition to admit the instrument to probate. If the statutory formalities of the execution of a will are proved and there is no proof of fraud, forgery, compulsion or other improper conduct, then the instrument must be admitted to probate even if the respondent contends that the instrument lacks testamentary character on its face. The party contending that the instrument lacks testamentary character on its face may then file a petition to contest (Ill. Rev. Stat. 1973, ch. 3, par. 90), in which action the issue of the testamentary character of the instrument may properly be raised.
I know of no prior decision by an Illinois reviewing court on the cognizability of the issue of testamentary character on a petition to admit an instrument to probate. I concur in this decision simply on the basis of the acknowledged legislative policy behind section 69, namely, to remove as many substantive issues as possible from the scope of a petition to admit an instrument to probate.
I regret that we cannot reach the substantive issue of the testamentary character of the instant instrument on the merits, because again I do not know of any prior decision by an Illinois reviewing court directly on point. While there are many case definitions of a will as being essentially a properly executed testamentary disposition of property which is both ambulatory and revocable until the death of the testator, I know of none which expressly requires that the testamentary character of an instrument must depend on whether that instrument makes a testamentary disposition of property. On the contrary, 36 Ill. L. & Pr. Wills § 44 (1958), states as follows:
"The essence of a will is a disposition of property, and an instrument which disposes of no property is not valid as a will, even though it is so designated by the maker, unless it appoints an executor or guardian or unless it revokes a prior will * * *."
It is to be noted that the quoted sentence does not state that an instrument making no disposition of property may not be admitted to probate, but merely that such an instrument is not valid as a will unless it appoints an executor or unless it revokes a prior will, both of which provisions the instant instrument contains. It must also be noted, however, that the citation in support of the text is not to an Illinois case but merely to 94 C.J.S. Wills §§ 131, 134, 135 (1956). In further support of the text, see Annot., 147 A.L.R. 636 (1943).