*In re* ESTATE OF MARION GARDNER JACKSON, Deceased.—(ELEANOR ROGERS CHRISTIAN *et al.*, Petitioners-Appellants, *v.* ILLINOIS STATE BANK OF QUINCY, Ex'r of the Estate of Marion Gardner Jackson, Respondent-Appellee.)

Fourth District No. 14536

Opinion filed February 7, 1978.

Henry W. Pollock, of Pollock, Ennis & Heck, of Quincy, for appellants.

Theodore G. House, of Schmiedeskamp, Robertson, House, Neu & Mitchell, of Quincy, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Petitioners appeal from the order of the circuit court admitting decedent's will to probate, denying a petition to set aside the order admitting the will to probate upon the allegation that a witness refused to testify, and denied a motion for rehearing upon said rulings.

Petitioners are a daughter and two grandsons of the testator. The will which was admitted to probate left shares of tangible personal property to the grandsons, cash bequests to others and the residue of a substantial estate passed by stated percentages to named churches and charitable organizations.

The petition to set aside the order admitting the will to probate was unverified, but alleged that a witness, the attorney who drafted the will, refused to testify in support of the document. The sole issue argued here is that an attesting witness is required to testify "upon request" by reason of the language of section 70 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 70).

The will was filed with the clerk of the court on December 7, 1976. The Probate Act of 1975, became effective on January 1, 1976. Section 70 of the Probate Act quoted in argument by petitioners was a part of the Probate Act of 1939, but as of the date of these proceedings was supplanted by section 6—17 of the Probate Act of 1975. The latter provides:

> "It is the duty of a witness to any will executed in this State to appear before the court at the hearing on the admission of the will to probate and testify concerning the execution and validity of the will unless proof of will is made by another method as provided in this Act. The court may attach and punish by fine and imprisonment, or either, any witness who, without a reasonable excuse, fails to appear and testify when subpoenaed." Ill. Rev. Stat. 1975, ch. 3, par. 6—17.

Three witnesses signed the will as attesting witnesses—the attorney who drafted the will in behalf of the testator, an office associate and an office secretary who transcribed the will. At the hearing to probate the will the office associate and the secretary testified to the execution of the will of the testator and the signing of the will as witnesses. Each had and stated an opinion that the testator was of sound mind and memory. The drafting attorney, as a third witness, was present but did not testify.

At the conclusion of the testimony of the two witnesses, the court announced that he would admit the will to probate. Counsel for petitioners stated that he would like to question the third witness. One of the attorneys for the proponent stated that he believed that the requirements of the statute that two witnesses testify was sufficient. Petitioners' counsel asserted that he was entitled to question the attorney as to whether or not he was a member of the charitable institutions benefiting under the will. The court advised that there was sufficient testimony to admit the will to probate whereupon petitioners' counsel objected to the probate of the will.

Section 4—3 provides that a will be "attested in the presence of the testator by 2 *or more* credible witnesses." (Emphasis supplied.) Ill. Rev. Stat. 1975, ch. 3, par. 4—3.

Section 6—7(a) provides:

> "When each of 2 attesting witnesses to a will testifies that (1) he was present and saw the testator or some person in his presence and by his direction sign the will in the presence of the witness or the testator acknowledged it to the witness as his act, (2) the will was attested by the witness in the presence of the testator and (3) he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate, unless there is proof of

fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. The proponent may also introduce any other evidence competent to establish a will in chancery. If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will." Ill. Rev. Stat. 1975, ch. 3, par. 6—7(a).

■■ Petitioner cites no authority in support of the contention that section 6—17 requires that all witnesses attesting the will testify on request and we have found no case which correlates that section with the authority of the court to admit a will to probate under section 6—7(a). In literal terms the construction argued by petitioners contradicts and derogates from the express language of both section 4—3 and 6—7(a).

Petitioners' citation of *Beck v. Lash* (1922), 303 Ill. 549, 136 N.E. 475, does not approach the question. In that case the two attesting witnesses appeared but one testified that in his opinion testator was incompetent to make a will, and the second testified that he was unable to form an opinion as to the testator's competency to make a will. The language of the court quoted by petitioners is directed to that problem rather than to the meaning and the significance of section 70.

In 2 James, Illinois Probate Law and Practice 474 (1951), section 70 of the Probate Act is stated to be a restatement with certain verbal changes of section 3 of the Wills Act of 1872. The latter provision furnished authority to the probate court to punish a witness who failed to appear when "duly summoned for the purpose aforesaid." James concludes that the section gave the power to summon and to punish for failure to appear and testify at the probate proceedings. See also *Berndtson v. Heuberger* (1961), 21 Ill. 2d 557, 173 N.E.2d 460.

Petitioners' counsel undertook to cross-examine the attesting witnesses as to membership in, or association with the several charitable beneficiaries. An objection to such cross-examination was sustained as being outside the scope of the proceeding, but counsel completed such cross-examination. During oral argument counsel agreed that he had wished to call the drafting attorney not as a witness for purposes of admitting the will but to cross-examine upon his relationship, if any, with the charitable beneficiaries and that petitioners' counsel wished to raise an issue of undue influence as an objection to the probate of the will.

In *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 243 N.E.2d 236, it was held that the hearing upon the petition to probate a will is to determine whether the instrument was executed with the formalities required by statute, including the testimony of two subscribing witnesses that in their opinion the testator was of sound mind and memory. It is held that the

purpose of the statute authorizing probate is to appoint a personal representative to marshal assets and that the validity of the will is not within the scope of the inquiry. (*In re Estate of Marucci* (1973), 54 Ill. 2d 266, 296 N.E.2d 849.) The proponent is not required to show a will valid in all aspects before the will may be admitted to probate. *In re Estate of Weaver* (1977), 50 Ill. App. 3d 223, 365 N.E.2d 1038; *In re Estate of Parker* (1976), 42 Ill. App. 3d 860, 356 N.E.2d 967.

■■ The statute provides that the testimony of two witnesses establishing the statutory requirements show that the
> "* * * execution of the will is sufficiently proved to admit to probate unless there is proof of fraud, forgery, compulsion, or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. * * *."
> (*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 420, 243 N.E.2d 236, 240.)

There is no evidence or claim of forgery or compulsion.

Fraud under this statute is defined
> "* * * as a trick or device by which a person may be induced to sign the paper under the impression it is something else, or to the alteration of the will after it is signed, or the substitution of another paper for part of the will after it has been signed, and matters of like character." *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 421, 243 N.E.2d 236, 240-41.

■■ That opinion further determined that the adoption of the Judicial Article of the Constitution consolidating and making the probate court part of the circuit court did not alter the character of the evidence admissible at the probate of a will. (See also *Werner v. Siefker* (1975), 33 Ill. App. 3d 905, 338 N.E.2d 571.) In *Shepherd v. Yocum* (1926), 323 Ill. 328, 154 N.E. 156, it was held that the issue of undue influence in procuring the execution of a will was a ground for contesting the will but not for objecting to probate. Such authority was followed under the Probate Act of 1939 in *In re Estate of Guinane* (1965), 65 Ill. App. 2d 193, 213 N.E.2d 30; *In re Estate of Pickens* (1969), 104 Ill. App. 2d 446, 244 N.E.2d 642; *In re Estate of Davison* (1970), 119 Ill. App. 2d 477, 256 N.E.2d 16. It is held that in a proceeding to admit a will to probate under section 4—3 of the Probate Act of 1975, cross-examination and argument to inject other matters relating to the procurement of the will are not properly cognizable but that such matters must be shown through a will contest. *In re Estate of Weaver* (1977), 50 Ill. App. 3d 223, 365 N.E.2d 1038.

The judgment is affirmed.

Affirmed.

MILLS, P. J., and CRAVEN, J., concur.