*In re* ESTATE OF FLORENCE S. KETTER, Deceased.—(TERESE KROPP, Petitioner-Appellee, *v.* RUTH ANHALT *et al.*, Respondents-Appellants—(FIRST NATIONAL BANK AND TRUST COMPANY OF EVANSTON, Appellee).)

First District (5th Division)    No. 77-1683

Opinion filed June 23, 1978.—Modified on denial of rehearing September 8, 1978.

Joseph and Friedman, of Chicago (Jack Joseph, of counsel), for appellants.

Marshal I. McMahon, Jr., and William A. Spence, both of Chicago (Pope, Ballard, Shepard & Fowle, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Ruth Anhalt and Doralee Kropp (respondents) appeal from orders admitting the last will of Florence S. Ketter (testatrix) to probate and appointing the First National Bank and Trust Company of Evanston, Illinois, as executor of the will. On appeal they contend that: (1) the evidence was insufficient to admit the will to probate; (2) the trial court unduly restricted their cross-examination of the attesting witnesses, (3) the trial court improperly conducted examination of the attesting witnesses, and (4) the trial court improperly placed the burden of proof upon the opponents of the will.

The following facts are pertinent to this appeal.

Following the death of Florence S. Ketter (testatrix), on July 22, 1977, her daughter, Terese Kropp (petitioner), filed a petition to admit her last will to probate. The will, which was dated March 11, 1977, contained no specific bequests but left the residue of the testatrix's estate to her children in equal shares. The First National Bank and Trust Company of Evanston, Illinois, was named as executor. The will offered for probate consisted of

three pages. Following the dispositive provisions or body of the will was the following clause:

"IN WITNESS WHEREOF I have set my hand and seal this 11th day of March, 1977, to this my Last Will consisting of three pages, the witnesses certificate included, and in the margin of the first and third pages I have placed my initials for greater security."

The handwritten name of Florence S. Ketter appeared directly below this clause. In the left hand margin of the first page were the handwritten initials "F.S.K."

The attestation clause followed next and indicated that the testatrix signed the instrument "or directed that it be signed for her by Zenobia Ratajack," and that the attesting witnesses did witness the said execution in the presence of the testatrix and of each other. It further stated that the witnesses believed the testatrix to be of "sound mind and disposing memory" at the time of the execution. The clause was dated March 11, 1977, and was followed by the handwritten signatures and addresses of Mildred L. Ott, Zenobia Ratajack and Ann F. Hart.

An affidavit also dated March 11, 1977, and signed by the three witnesses followed the attestation clause. The affidavit repeated the statements contained in the attestation clause and added that the witnesses signed as attesting witnesses at the request of the "Testator" and that none of the witnesses were related to the "Testator." Although the affidavit contained provisions for a notary public's signature, it was not notarized.

The petition to admit the will to probate was filed August 26, 1977, and disclosed that the testatrix's only heirs and legatees were her three daughters, Doralee Kropp, Ruth Anhalt and Terese Kropp, the petitioner. All three named daughters were served by mail with copies of the petition to admit the will to probate. Terese Kropp also filed an affidavit of heirship stating that the testatrix was 76 years of age on the date of her death and that her only heirs at law were Ruth Anhalt, Doralee Kropp and Terese Kropp. A hearing on the petition was set for October 28, 1977.

At the hearing on the petition counsel for Ruth Anhalt and Doralee Kropp appeared to resist admission of the will dated March 11, 1977, to probate. The following evidence pertinent to this appeal was adduced at the hearing on October 28, 1977.

*Ann Hart*

She signed "the instrument purporting to be the last will and testament of Florence Ketter" as a witness at the request of Terese Kropp. She and the testatrix saw each other sign the instrument. Also present when she signed the instrument on March 11, 1977, were Terese Kropp and the two other witnesses, Zenobia Ratajack and Mildred Ott. She believed the testatrix was 76 years of age and of "sound mind and disposing memory

at the time that she signed her name to the instrument." The instrument appeared to be in the same condition as on the day she signed it. She was not related to the testatrix.

On cross-examination she admitted that she had "assisted" the testatrix sign the instrument, stating that "I guided her hand." She was asked to guide the testatrix's hand by "one of the witnesses who was there." She had no conversation with the testatrix regarding the signature. Furthermore, she had no conversation with Terese Kropp regarding the signature of the testatrix.

Her conclusion that the testatrix was of "sound mind and disposing memory" was based upon a normal conversation of about 20 to 30 minutes in length which she had with the testatrix prior to the arrival of the other witnesses.

*Zenobia Ratajack*

She signed "the instrument purporting to be the last will and testament of Florence S. Ketter" as a witness at the request of Terese Kropp. She and the testatrix saw each other sign the instrument and both of them knew that they had signed a will. The testatrix, Ann Hart and Terese Kropp were present when she signed the document on March 11, 1977. She believed the testatrix was "in her seventies" and "of sound mind and disposing memory at the time she signed her name to the instrument." The instrument was in the same condition as on the day she signed it.

On cross-examination Zenobia Ratajack stated that she had met the testatrix on one occasion prior to March 11, 1977. Although she had a conversation with the testatrix on the date of signing, they did not discuss the instrument. She saw the testatrix sign the instrument while "Ann guided her hand." One of the other witnesses had suggested that Ann Hart assist the testatrix. The testatrix carried on a "normal conversation" and "was completely aware of what was going on."

Following the testimony of these two attesting witnesses, the court entered orders admitting to probate the Will of Florence S. Ketter dated March 11, 1977, and appointing First National Bank and Trust Company of Evanston as executor of her estate. Ruth Anhalt and Doralee Kropp appeal from these orders.

OPINION

Respondents first contend that the evidence was insufficient to support the admission of the instrument to probate as the will of the testatrix.

The initial admission of a will to probate is governed by section 6—7(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 6—7(a)), which provides:

> "When each of 2 attesting witnesses to a will testifies that (1) he was present and saw the testator or some person in his presence

and by his direction sign the will in the presence of the witness or the testator acknowledged it to the witness as his act, (2) the will was attested by the witness in the presence of the testator and (3) he believed the testator to be of sound mind and memory at the time of signing or acknowledging the will, the execution of the will is sufficiently proved to admit it to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will. The proponent may also introduce any other evidence competent to establish a will. If the proponent establishes the will by sufficient competent evidence, it shall be admitted to probate, unless there is proof of fraud, forgery, compulsion or other improper conduct which in the opinion of the court is deemed sufficient to invalidate or destroy the will."

Although it is the duty of the proponent of the will to prove the essential elements included in the statute, he need not show that the will is valid in all respects. (*In re Estate of Parker* (1976), 42 Ill. App. 3d 860, 356 N.E.2d 967.) At the hearing on the petition to admit the will to probate the inquiry is only to determine whether the proposed will has been executed according to the statutory requirements. (*In re Estate of Weedman* (1912), 254 Ill. 504, 98 N.E. 956.) As the court stated in *In re Estate of Parker* (1976), 42 Ill. App. 3d 860, 863, 356 N.E.2d 967, 969:

"[O]n a petition to admit an instrument to probate, the circuit court may refuse probate of a will only on the failure of a proponent to make proper proof of the requirements mentioned in the statute, or because proof of fraud, forgery, compulsion, or other improper conduct appears which is deemed sufficient to invalidate the will."

The proof required is, therefore, limited to those essential requirements of section 6—7(a) and "is for the purpose of establishing whether a *prima facie* case of validity has been made." (*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 420, 243 N.E.2d 236, 240.) The court, in fact, has no authority in the initial admission proceeding to weigh the evidence further than to determine whether a *prima facie* case of validity has been made. *Shepherd v. Yokum* (1926), 323 Ill. 328, 154 N.E. 156.

The record here shows that a *prima facie* case of statutory compliance was made and that the will was, accordingly, entitled to admission to probate. At the hearing on the petition to admit, witnesses Ann Hart and Zenobia Ratajack each testified that (1) she was present and saw the testatrix sign the will, (2) she signed the will in the presence of the testatrix, and (3) she believed the testatrix to be of sound mind and disposing memory at the signing. The record does not reflect, and the

opponents do not urge, the existence of any fraud, forgery, compulsion or other improper conduct sufficient to invalidate the will. The testimony of the witnesses, therefore, was sufficient to entitle the will to admission to probate. *In re Estate of Weaver* (1977), 50 Ill. App. 3d 223, 365 N.E.2d 1038.

Unlike an order denying admission of a will to probate, an order admitting a will is not a final determination as to the validity of the will and does not prevent a further contest of the will. (*Sternberg v. St. Louis Union Trust Co.* (1946), 394 Ill. 452, 68 N.E.2d 892.) The parties may further litigate the validity of the will in a subsequent will contest under section 8—1 of the Probate Act (Ill. Rev. Stat. 1977, ch. 110½, par. 8—1) which provides that:

> "Within 6 months after the admission to probate of a * * * will in any court of this State, any interested person may file a petition in the proceeding for the administration of the testator's estate to contest the validity of the will."

■■ The will may be contested in a will contest on any grounds. (*Dowling v. Gilliland* (1916), 275 Ill. 76, 113 N.E. 987.) In that proceeding all questions concerning the validity of the will are tried *de novo* and the earlier order admitting the will is of no force or effect. *Sternberg v. St. Louis Union Trust Co.* (1946), 394 Ill. 452, 68 N.E.2d 892.

■■ Our review here as to the validity of the will is, therefore, limited to the question of whether a *prima facie* case sufficient for admission to probate was made. The question of whether the will is valid in all respects and for all purposes was not ruled upon by the court below and is therefore not properly within the scope of review of this court at this time.

Respondents next contend that the trial court improperly restricted the cross-examination of the attesting witnesses. We disagree.

■■ "The scope of cross-examination resides within the sound discretion of the trial court and we cannot properly upset the exercise of that discretion unless there has been an abuse of discretion." (*Sweeney v. Max A. R. Matthews & Co.* (1970), 46 Ill. 2d 64, 71, 264 N.E.2d 170, 173.) In the instant case counsel for respondents was allowed considerable latitude in cross-examination of the attesting witnesses. Although the trial court refused to allow cross-examination of Ann Hart as to the room where the signing occurred and as to her conversations with Terese Kropp and with the witness who suggested she assist the testatrix, these were matters of only minor importance. No limitation was placed upon the cross-examination of Zenobia Ratajack. Considering the limited nature and purpose of the hearing on the petition to admit the will to probate (*Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 243 N.E.2d 236), it cannot be

said that the trial court improperly limited the cross-examination of the attesting witnesses. The record clearly shows that ample cross-examination was allowed.

Respondents further contend that the trial court improperly conducted the direct examination of the attesting witnesses with leading questions.

■■ It is clear that the trial court has the right to question witnesses in order to elicit the truth or to bring enlightenment on material issues which seem obscure. (*People v. Palmer* (1963), 27 Ill. 2d 311, 189 N.E.2d 265.) The propriety of such an examination must be determined by the circumstances of each case, and rests largely within the discretion of the trial court. (*People v. Trefonas* (1956), 9 Ill. 2d 92, 136 N.E.2d 817.) This is especially true where, as in the present case, the cause is tried without a jury, and the danger of prejudice is lessened. (*People v. Palmer* (1963), 27 Ill. 2d 311, 189 N.E.2d 265.) The propriety of permitting leading questions is also a matter committed to the sound discretion of the trial court whose decision will not be reversed unless there has been a manifest abuse of discretion. (*Waukegan Park District v. First National Bank* (1961), 22 Ill. 2d 238, 174 N.E.2d 824.) Although the trial court here conducted the direct examination of the attesting witnesses, and in the process employed some arguably leading questions, the record does not indicate that he abused his discretion or that the respondents suffered any undue prejudice as a result of his examination of the witnesses. The trial court's inquiries here were appropriate to his role as the finder of fact.

Respondents also contend that the trial court erroneously placed the burden of proof upon them rather than upon the proponent of the will. They base this contention upon the fact that following the presentation of evidence at the hearing on the petition to admit the will, the trial court made the following statement:

"Does either counsel wish to be heard in this matter? I believe your contesting it, sir. I believe that is your burden."

■■ In the proceeding to have the will admitted to probate the proponent does, of course, have the burden of proving the valid execution of the will. (*In re Estate of Willavize* (1960), 21 Ill. 2d 40, 171 N.E.2d 21.) We do not agree that the above comment indicates that the trial court placed the burden of proof upon the opponents of the will. Furthermore, the record clearly indicates that the proponents of the will did in fact meet the burden of proof by presenting a *prima facie* case of validity. *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, 243 N.E.2d 236.

■■ Respondents also appeal from the order appointing First National Bank and Trust Company of Evanston as executor. Section 6—11 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 6—11) provides that when a will is admitted to probate, the court shall issue letters testamentary to the executor named in the will if he qualifies and accepts

the office. Certain exceptions not applicable here are listed. The will admitted to probate here clearly contained a clause appointing "First National Bank and Trust Company of Evanston, Illinois, as Executor of this will." The order so appointing the bank was, therefore, proper.

For the foregoing reasons the orders of the circuit court admitting the will of Florence S. Ketter, deceased, dated March 11, 1977, to probate and appointing the First National Bank and Trust Company of Evanston, Illinois, as executor are affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.